## PEOPLE *v.* MEADE.

*(Court of General Sessions, New York County.* February, 1890.)

INFANCY—EMPLOYMENT OF CHILDREN—CRIMINAL PROSECUTION.

On an indictment under Pen. Code N. Y. § 292, as amended by Laws 1886, c. 31, which forbids the employment in a theatrical exhibition of children under the age of 16 years, it is sufficient to prove that there was a theatrical exhibition, that defendant employed children under the age of 16 years to perform in it, and that they did perform in such exhibition.

James H. Meade was indicted and convicted for violating Pen. Code N. Y. § 292, as amended by Laws N. Y. 1886, c. 31, which is as follows: "A person who employs or causes to be employed, or who exhibits, uses, or has in custody, or trains for the purpose of the exhibition, use, or employment of, any child apparently or actually under the age of sixteen years,  *  *  *  in peddling, singing, or playing upon a musical instrument, or in a theatrical exhibition, or in any wandering occupation,  *  *  *  is guilty of a misdemeanor."

FITZGERALD, J., (*charging jury.*)  The issues upon which you are to pass as jurors are very narrow, and ought not to occasion much difficulty in determining. It is the duty of the jury to decide all questions of fact. In matters of fact you are supreme. The court has nothing to do with questions of fact. But in questions of law the duty of the court arises, and the court is just as supreme in regard to questions of law as the jurors are in reference to questions of fact; so that, when the court instructs a jury as to the law, it is the duty of the jury to accept the court's instructions as to the law, and then to examine into the facts, and determine from the facts whether the law, as laid down by the court, has or has not been violated. You will readily perceive, gentlemen of the jury, that in any permanent system of government observance of such a rule is vital. Otherwise, one jury might find the law to be one way, and another jury might find it to be the other way, and there would be nothing reliable or permanent about the administration of justice. If the court errs in declaring the law to the jury, the rights of the defendant are amply preserved and protected upon appeal; but, in so far as the jurors are concerned, they would violate their oaths if they should undertake to question in any way the rules of law as laid down by the court for their guidance.

There has been some discussion between counsel as to the policy of this act, and as to the wisdom or power of the legislature in enacting it. Those are matters for certain tribunals. They are not matters for a jury to pass upon. The issue in this case is an exceedingly simple one. I will not cloud your minds by reading the entire act that relates to the misdemeanor with which this defendant at the bar is charged; but I will read to you such portion of the statute as I think it is necessary for you to know, in order that you may determine the issues of fact in this case. The statute under which this indictment is drawn reads as follows: "A person who employs, or causes to be employed, or who exhibits, uses, or trains for the purpose of exhibition, any child, apparently or actually under the age of 16 years, in peddling, singing, or playing upon a musical instrument, or in a theatrical exhibition, or in any wandering occupation, is guilty of a misdemeanor." This is the statute as far as it applies to the case at bar, and the issues involved are very simple, and very easily to be determined. I regard them to be merely three questions of fact, and, as you find these three questions of fact, your final conclusion will be easily reached. The first question, in my judgment, for you to determine, is, was it a theatrical performance? Upon that question you have the testimony of the officers for the Society for the Prevention of Cruelty to Children, who informed you that on February 3rd they went to Niblo's Garden,

and paid an admission fee of one dollar, and that they entered the place. They described what they saw there,—an auditorium and foot-lights, and the costumes of the various persons who appeared upon the stage,—and it is for you to determine from that description whether that was a theatrical performance. That is the evidence that addresses itself to your minds upon that subject. The people claim that it was a theatrical performance; that it was a theater, with an admission price, and all the surroundings and appurtenances belonging to a place of that character; and that there can be no question in dispute as to the nature of the performance, and as to its being a theatrical performance. That is the contention of the people, and that is the evidence that they submit to you. Now, the next question, after you have disposed of that one, is: Did the defendant employ these children for the purpose of such theatrical performance or exhibition? Did he employ them for that purpose? In relation to that, you have the admission upon the record that the defendant is the manager of the "Blue Beard, Jr.," company, and that he employed the persons who were engaged in acting in that performance. Then you have the evidence of the officers that they saw these children among the actors in that performance, of which it is admitted that he was the manager. Then the third question is: Are they under the age of 16 years? In relation to that, gentlemen of the jury, the people called in this case the children who, it is charged, were employed. They were brought into court, and were identified before you. And, under a provision of our law, it is provided: "Whenever, in any legal proceeding, it becomes necessary to determine the age of a child, the child may be produced for personal inspection, to enable the magistrate, court, or jury to determine the age thereby." Now, they have been produced here, and you saw them; and it is for you, as a question of fact, to determine whether they were under the age of 16 years. There has been some evidence adduced here in relation to other performances in this city in which children are employed. With that you, as jurors, have nothing to do. It is not a matter to influence or determine the decision at which you are to arrive upon the evidence here. We are trying simply one issue here, and of course it is our duty to confine ourselves to that issue. We are not trying the policy of laws here. We are not trying, under this indictment, the methods or practices by which associations or organizations or officials of any character perform or neglect to perform their duty. We are simply trying this issue, as to whether or not the defendant at the bar, Mr. Meade, violated the provisions of the act to which I have directed your attention. If he did, he is guilty, and should be convicted; if he did not, he ought to be acquitted. I have now, gentlemen of the jury, endeavored to place as clearly as I could before you the rules of law that in my judgment should govern you in considering this evidence. It is for you now to determine the facts. It is the duty of the people to prove their case beyond a reasonable doubt, and, if they have accomplished that, if they have proved to your satisfaction, beyond a reasonable doubt, that this defendant employed children under the age of 16 years for the purposes of a theatrical exhibition, and that they did perform, as charged in this indictment,—if that is proved, beyond a reasonable doubt, to your satisfaction, your duty is to find a verdict of guilty. If not, your verdict should be not guilty.