THE PEOPLE ex rel. ALICE SANDERS, Appellant, v. HUGH J. GRANT, as Mayor of the City of New York, Respondent.

*Prohibition of the employment of children in singing and dancing in a theatrical exhibition — consent from the mayor of a city — punctuation of a statute, considered in its construction.*

Section 292 of the Penal Code, as amended by chapter 309 of the Laws of 1892, enumerates, among the employments prohibited to children under the age of sixteen years: "In singing; or dancing; or playing upon a musical instrument; or in a theatrical exhibition; or in any wandering occupation;" and afterwards provides as follows: "But this section does not apply to the employment of any child as a singer or musician in a church, school or academy; or in teaching or learning the science or practice of music, or as a musician in any concert or in a theatrical exhibition, with the written consent of the mayor of the city," etc.

*Held*, that the latter clause does not authorize a performance by a child in singing or dancing in a theatrical exhibition, even with the consent of the mayor of the city.

That it was the intention of the Legislature that the whole permissive part of the section above quoted should relate to the musical question and nothing else; and that the word "musician" in the last clause qualified both concert and theatrical exhibition.

That this appeared from the punctuation of the several paragraphs of the act.

APPEAL by Alice Sanders, the relator, from an order made at Special Term and entered in the office of the clerk of the city and county of New York on the 23d day of September, 1892, denying her application (made on the return of an order to show cause) for

a peremptory writ of mandamus against the mayor, requiring him to give his consent, under chapter 309 of the Laws of 1892, to the appearance of Zelda Sanders, her daughter, eleven years of age, in a theatrical entertainment at Palmer's Theater, in which said child was desired to sing and dance.

*Myer J. Stein* and *Wales F. Severance*, for the relator.

*William H. Clark* and *Elbridge T. Gerry*, for the respondent.

LAWRENCE, J.:

It is too late to question the constitutionality of section 292 of the Penal Code, and of chapter 309 of the Laws of 1892, amending the same.

The opinion of Mr. Justice BEACH,* at the Special Term, fully answers all the questions sought to be raised upon this appeal, and concurring as I do in the views expressed by him, I am of the opinion that the order denying the motion of the relator for a writ of peremptory mandamus should be affirmed.

O'BRIEN, J., concurred.

VAN BRUNT, P. J.:

In concurring with the opinion of Mr. Justice LAWRENCE herein, I think it is proper that a word or two should be said in respect to some points which have been made upon this appeal, and which do not appear to have been discussed in the opinion of the court below.

Section 292 of the Penal Code (Chap. 31 of 1886) reads as follows :

"§ 292. A person who employs or causes to be employed, or who exhibits, uses, or has in custody, or trains for the purpose of the exhibition, use or employment of, any child apparently or actually under the age of sixteen years ; or who having the care, custody or control of such a child as parent, relative, guardian, employer, or otherwise, sells, lets out, gives away, so trains, or in any way procures or consents to the employment, or to such training, or use, or exhibition of such child ; or who neglects or refuses to restrain such child from such training, or from engaging or acting, either

---

* [The opinion of Mr. Justice BEACH referred to is given on page 244 (*post*). It covered five similar applications brought before him at Special Term.]

" 1. As a rope or wire walker, dancer, gymnast, wrestler, contortionist, rider or acrobat; or upon any bicycle or similar mechanical vehicle or contrivance; or,

" 2. In begging or receiving or soliciting alms in any manner or under any pretense, or in any mendicant occupation; or in gathering or picking rags, or collecting cigar stumps, bones or refuse from markets; or,

" 3. In peddling, singing or playing upon a musical instrument, or in a theatrical exhibition, or in any wandering occupation; or,

" 4. In any illegal, indecent or immoral exhibition or practice; or in the exhibition of any such child when insane, idiotic, or when presenting the appearance of any deformity or unnatural physical formation or development; or,

" 5. In any practice or exhibition or place dangerous or injurious to the life, limb, health or morals of the child:

" Is guilty of a misdemeanor. But this section does not apply to the employment of any child as a singer or musician in a church, school or academy, or in teaching or learning the science or practice of music, or as a musician in any concert with the written consent of the mayor of the city, or the president of the board of trustees of the village where such concert takes place."

In 1892 this section of the Penal Code was amended so as to read as follows (Chap. 309 of 1892):

" AN ACT to amend section two hundred and ninety-two of the Penal Code, relative to the licensing of children in theatrical exhibitions.

" Approved by the Governor April 15, 1892. Passed, three-fifths being present.

" *The People of the State of New York, represented in Senate and Assembly, do enact as follows :*

" SECTION 1. Section two hundred and ninety-two of the Penal Code is hereby amended so as to read as follows:

" § 292. A person who employs or causes to be employed, or who exhibits, uses, or has in custody, or trains for the purpose of the exhibition, use or employment of, any child actually or apparently under the age of sixteen years; or who having the care, custody or control of such a child as parent, relative, guardian, employer, or otherwise, sells, lets out, gives away, so trains, or in any way pro-

cures or consents to the employment, or to such training, or use, or exhibition of such child ; or who neglects or refuses to restrain such child from such training, or from engaging or acting, either

" 1. As a rope or wire walker, gymnast, wrestler, contortionist, rider or acrobat; or upon any bicycle or similar mechanical vehicle or contrivance ; or,

" 2. In begging or receiving or soliciting alms in any manner or under any pretense, or in any mendicant occupation ; or in gathering or picking rags, or collecting cigar stumps, bones or refuse from. markets ; or in peddling ; or

" 3. In singing ; *or dancing;* or playing upon a musical instrument ; or in a theatrical exhibition ; or in any wandering occupation ; or,

" 4. In any illegal, indecent or immoral exhibition or practice ; or in the exhibition of any such child when insane, idiotic, or when presenting the appearance of any deformity or unnatural physical formation or development ; or

" 5. In any practice or exhibition or place dangerous or injurious to the life, limb, health or morals of the child, is guilty of a mis-demeanor. But this section does not apply to the employment of any child as a singer or musician in a church, school or academy ; or in teaching or learning the science or practice of music ; or as a musician in any concert *or in a theatrical exhibition,* with the written consent of the mayor of the city, or the president of the board of trustees of the village where such concert or exhibition takes place. *Such consent shall not be given unless forty-eight hours' previous notice of the application shall have been served in writing upon the society mentioned in section two hundred and ninety-three of the Penal Code, if there be one within the county, and a hearing had thereon if requested, and shall be revocable at the will of the authority giving it. It shall specify the name of the child, its age, the names and residence of its parents or guardians, the nature, time, duration and number of performances permitted, together with the place and character of the exhibition. But no such consent shall be deemed to authorize any violation of the first, second, fourth or fifth subdivisions of this section.*

" § 2. This act shall take effect on the first day of September, eighteen hundred and ninety-two."

The changes in the phraseology are few, and are shown by the italics in the Code as cited.

It is claimed upon the part of the appellants that under the act in question the mayor has a right to license children to sing and dance in theatrical entertainments; and our attention is called for the purpose of aiding us in the construction of the act under consideration, to certain what are called notorious facts in connection with the emendation of the section of the Code in question. It may be a misfortune that the court is entirely unfamiliar with these notorious facts, and hence cannot seize upon them to aid it in the construction of the act.

If it is true that this amendment was the result of a compromise between the advocates of different views in reference to the propriety of the employment of children to sing and dance in theatrical entertainments as claimed by the appellants, and that it was understood that under this amendment such employment as long as sanctioned by the mayor or president of the trustees of the village where such entertainment should take place, was permissible, it would seem that the advocates of the restricted right had been more expert in the use of language than were the advocates of the more liberal views, because a very brief consideration of the section as amended will show that there is no room for the construction claimed by the appellants.

As has been seen by section 292 as amended, any person who: *First,* employs or consents to the employment of a child under the age of sixteen years as a rope or wire walker, etc.; *second,* employs or consents to the employment of such child in begging, etc.; *third,* employs or consents to the employment of such child in singing; or dancing; or playing upon a musical instrument; or in a theatrical exhibition; or in any wandering occupation; or, *fourth,* employs or consents to the employment of such child in any illegal, indecent or immoral exhibition or practice, etc.; or, *fifth,* employs or consents to the employment of such child in any practice or exhibition or place dangerous or injurious to the life, etc., shall be guilty of a misdemeanor.

The section then goes on: " But this section does not apply to the employment of any child as a singer or musician in a church, school or academy ; or in teaching or learning the science or practice of

music; or as a musician in any concert or in a theatrical exhibition, with the written consent of the Mayor of the City," etc.

Under the third subdivision above spoken of, the employment of such child in singing; or dancing; or playing upon a musical instrument; or in a theatrical exhibition; or in any wandering occupation is an offense against the statute.

Now, when the child is to be permitted to appear in certain classes of entertainments, and in a certain capacity in such entertainments, the connection of the phrases is entirely different, although the same words are used to some exent.

For example, in the permissive part of the fifth clause it states, "But this section does not apply to the employment of any child * * * as a musician in any concert or in a theatrical exhibition," the word "musician" qualifying both the subsequent clauses of the sentence. But when they desire to separate the different classes of doings they use the proper signs. For example, when they desire to separate singing from dancing they place a semicolon between the two phrases. And when they desire to separate playing upon a musical instrument from appearing in a theatrical exhibition they put a semicolon between them, in order to show that they are independent phrases, having no relation the one to the other. But in the fifth clause, when they come to determine the cases in which the child may be exempt from the general prohibition contained in the previous part of the section, they specify the name and character of the performance which it was the intention of the Legislature to exempt, viz., as a singer or musician in a church, school or academy; or in teaching or learning the science and practice of music; or as a musician. Where? In any concert, or in a theatrical exhibition. This seems to show clearly what was the intention of the Legislature, and that the whole permissive part of subdivision 5 related to the musical question and nothing else; and, therefore, the word "musician" in the phrase under consideration qualified both concert and theatrical exhibition.

The order should be affirmed, with costs.

Order affirmed.