(70 Hun, 243.)

In re STEVENS.

(Supreme Court, General Term, First Department. June 30, 1893.)

Application by Benjamin D. Stevens for writs of habeas corpus and certiorari. From an order dismissing the writs on demurrers to the returns of the warden and police magistrate, and remanding the applicant to the custody of the warden, the applicant appeals. Affirmed.

Benjamin D. Stevens, the appellant, who is manager of a theatrical troupe, publicly exhibited in the Broadway Theater, in the city of New York, on September 5, 1892, a little girl named Lillian Kline, aged five years, in singing and dancing, in a play called "Wang," performed therein. He was arrested September 7, 1892, upon a warrant issued by a police justice of said city, at the instance of the New York Society for the Prevention of Cruelty to Children, charged with a misdemeanor, in violating section 292 of the Penal Code, which prohibits the exhibition of a child under the age of 16 years in singing or dancing. Upon the examination which thereupon took place, the facts alleged were proven, but he claimed to have a consent in writing from the mayor of the city of New York, legalizing the exhibition. He was duly committed by the magistrate to await the action of the grand jury. Immediately writs of habeas corpus and certiorari were issued by this court. The warden returned the body of the appellant, in custody, with the commitment. The magistrate returned the complaint, warrant of arrest, and testimony taken on the examination. Special demurrers were then interposed to each return, and a hearing had before Mr. Justice BEACH, who

dismissed the writs, and remanded the prisoner, upon the grounds stated in his opinion. From the orders of dismissal, the present appeal is taken.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

Lucien Oudin, for appellant.

De Lancey Nicoll, Dist. Atty., and Elbridge T. Gerry, for respondents.

LAWRENCE, J. We think that the construction given to chapter 309 of the Laws of 1892, amending section 292 of the Penal Code, by the learned justice before whom the writs of habeas corpus and certiorari were brought at the special term, was correct; and, adopting his opinion[1] as our own, an affirmance of the orders appealed from is directed, and the prisoner remanded. All concur.

---

[1] For the opinion of Mr. Justice BEACH, here referred to, see People v. Grant, 24 N. Y. Supp. 776, with which this case and four others were heard at special term, all being disposed of by the same opinion.