(63 App. Div. 117.)

## PEOPLE v. MALONE.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

INFANTS—CHILD BEGGING IN STREETS—LIABILITY OF PARENT.
    Defendant's son was arrested for begging in the streets, but was re-
    leased on the appearance of the defendant. Thereafter the boy was
    again found begging on the streets. The defendant testified that the
    boy was punished for the first offense and directed not to repeat it,
    and that he was sent to school on the day the second offense was com-
    mitted. *Held* not sufficient to sustain a conviction under Pen. Code,
    § 292, prohibiting a person having the custody of a child apparently
    under 16 years old to permit it to beg in the streets.

Appeal from court of special sessions of city of New York.

Charles Malone was convicted in the special sessions of allowing
his child to beg in the streets, and he appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN,
INGRAHAM, and LAUGHLIN, JJ.

Bela D. Eisler, for appellant.
C. E. Le Barbier, for respondent.

INGRAHAM, J. The defendant was convicted of a violation of
section 292 of the Penal Code, which provides that "a person
* * * who having the care, custody or control of such a child
[one apparently under the age of sixteen years] as parent, relative,
guardian, employer or otherwise * * * who neglects or refuses
to restrain such child * * * in begging or receiving or solicit-
ing alms in any manner or under any pretense," is guilty of a mis-
demeanor. The only evidence to sustain this conviction is that
on January 21, 1901, the defendant's son was arrested for begging,
he having been seen by an officer outside of Huyler's candy store,
in West Forty-Second street; that when the boy was arraigned be-
fore the magistrate his parents appeared, and were directed by the
magistrate to restrain the boy from begging; that subsequently,
and on February 11, 1901, an agent for the Society for the Preven-
tion of Cruelty to Children saw the boy outside of Huyler's candy
store, West Forty-Second street, holding out his hands to customers
entering and leaving the store, begging; that he saw one man with
two women hand him something, and he then went and arrested
the boy. Upon this evidence the agent for the Society for the
Prevention of Cruelty to Children presented an information to the
court of special sessions, and upon this information the defendant
was arrested and convicted. The defendant testified that the boy

was punished for the first offense, and directed not to repeat it; that he went to school on the morning of the day upon which he was arrested the second time; and there is no evidence that he had ever begged on any other occasion. I do not think that this evidence is sufficient to sustain a conviction. The defendant had notice that the boy had been arrested for begging in the streets, and he punished him for that offense. He certainly was not bound to anticipate that the boy would disobey his instructions not to repeat the offense. The offense charged against the defendant is that he failed to restrain his son from begging in the street. Such a failure of restraint would apply to every parent who allows his son to go into the street unattended, if the contention of the people in this case is sustained. A parent is not guilty of an offense because his son begs, but because he fails to restrain him from begging. We do not think it could have been the intention of the legislature to hold a parent guilty of a crime by reason of a failure to confine a child or send a child to a penal institution who has once been caught begging in the street. To establish the crime the people must prove that the defendant neglected or refused to restrain the child in begging or receiving or soliciting alms. Such neglect or refusal is not proved by a mere statement that a child was once found begging in the street, of which the defendant had notice, and subsequently repeated the offense. There must be evidence that the parent neglected or refused to use the ordinary and proper means to restrain him from begging. There was no evidence of such neglect or refusal in this case.

The judgment appealed from should be reversed. All concur.