THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* CHARLES MALONE, Respondent.

APPEAL — REVERSAL BY THE APPELLATE DIVISION OF A CONVICTION UNDER PENAL CODE, § 292, IN COURT OF SPECIAL SESSIONS OF THE CITY OF NEW YORK. The Court of Appeals has no power to review a judgment or order of the Appellate Division of the Supreme Court reversing a conviction in the Court of Special Sessions of the city of New York for a violation of section 292 of the Penal Code, and an appeal therefrom must be dismissed.

*People* v. *Malone*, 63 App. Div. 117, appeal dismissed.

(Submitted January 27, 1902; decided January 31, 1902.)

MOTION to dismiss an appeal from an order of the Appellate Division of the Supreme Court in the first judicial depart-

ment, entered July 9, 1901, which reversed a judgment of the Court of Special Sessions of the city of New York convicting the defendant of a violation of section 292 of the Penal Code.

The motion was made upon the ground that the Court of Appeals has no jurisdiction to hear the appeal.

*Robert Goeller* for motion.

*William Travers Jerome, District Attorney* (*Howard S. Gans*, of counsel), opposed.

WERNER, J. The respondent was tried for and convicted of a violation of section 292 of the Penal Code in the First Division of the Court of Special Sessions of the city of New York. Upon appeal to the Appellate Division of the Supreme Court in the first department, the judgment of conviction was reversed. (63 App. Div. 117.) Thereupon the appellant appealed to this court. The motion to dismiss the appeal is made on the ground that this court has no jurisdiction to entertain the appeal. In support of this contention respondent cites section 771 of the Code of Criminal Procedure, which reads as follows: "The judgment of the appellate division of the supreme court upon the appeal (from the court of special sessions) is final; except that where the original appeal was from a judgment of commitment of a child, either party may appeal to the court of appeals in like manner as a defendant under section five hundred and nineteen of this code." Section 519, referred to, provides that "An appeal may be taken from a judgment or order of the appellate division of the supreme court to the court of appeals in the following cases and no other: 1. From a judgment affirming or reversing a judgment of conviction; 2. From a judgment affirming or reversing a judgment for the defendant on a demurrer to the indictment, or from an order affirming, vacating, or reversing an order of the court arresting judgment; 3. From a final determination affecting a substantial right of the defendant."

As the case before us does not come within the exception provided for in section 771, it is obvious that the provisions of section 519 have no application. (*People ex rel. Commrs. of Charities* v. *Cullen*, 151 N. Y. 59.) By the terms of an amendatory statute (Ch. 601, § 20, L. 1895) provision was made for an appeal to this court by a defendant against whom judgment has been rendered by a Court of Special Sessions after affirmance thereof by the Appellate Division of the Supreme Court. (*People ex rel. Commrs. of Charities* v. *Cullen*, 153 N. Y. 629.) Section 1414 of the charter of the city of New York (Ch. 466, L. 1901) is substantially a re-enactment of that portion of section 20, ch. 601, L. 1895, above referred to.

The learned counsel for the People bases his right to the appeal herein upon section 1410 of the charter, which provides "all sections of the code of criminal procedure consistent with this act regulating and controlling the practice and procedure of the court of general sessions of the peace in the city and county of New York shall apply, as far as may be, to the practice and procedure in the said courts of special sessions, and shall regulate and control the practice and procedure of said courts in so far as their jurisdiction and organization will permit." It is obvious that nothing contained in this section enlarges the jurisdiction of this court upon appeals from judgments of conviction in Courts of Special Sessions which have been reversed by the Appellate Division. The law, so far as it relates to the case at bar, is precisely as it was when the case of *People ex rel. Commrs. of Charities* v. *Cullen* (151 N. Y. 59), above cited, was decided by this court, and we can add nothing to the full discussion of the subject to be found in that case.

The motion to dismiss the appeal must be granted.

Parker, Ch. J., Gray, O'Brien, Martin, Vann and Cullen, JJ., concur.

Appeal dismissed.