## COURT OF APPEALS,

### Sept. 29, 1908.

## THE PEOPLE v. GEORGE H. TAYLOR.

### (192 N. Y. 398.)

LABOR LAW—EMPLOYMENT OF CHILD UNDER SIXTEEN YEARS OF AGE—
WHEN SUPERINTENDENT OF FACTORY NOT LIABLE FOR ACT OF SUBOR-
DINATE.

The superintendent of a factory, owned and operated by a corpora-
tion, is not individually liable, and subject to fine or imprisonment
under the Penal Code (§ 384-1) for the employment of a child, under
sixteen years of age, who had not filed a certificate with the corpora-
tion, as required by the provisions of the Labor Law (L. 1897, ch. 415,
§ 70, as amd. by L. 1903, ch. 184), where such child was employed by
a foreman in charge of a department of the factory without the knowl-
edge or consent of such superintendent, and the child was discharged
by him as soon as he was informed that the statute had been violated.
There is no provision of the Labor Law which makes a superintendent
of a factory of a corporation liable for a violation of the statute, by
the employment of a child under sixteen years of age, by a foreman or
other employee without the knowledge or consent of such superintend-
ent, or contrary to express directions given in good faith by him. Such
superintendent is not in any sense a person who aids or abets such
employment in violation of the statute or who counsels, commands,
induces or procures such employment, so that he may be held liable
as a principal within the statutory definition of that term. (Penal
Code, §§ 29, 31.)

*People v. Taylor*, 124 App. Div. 434, reversed.

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the First Judicial Department, entered Feb-
ruary 21, 1908, which affirmed a judgment of the Coourt
of Special Sessions of the city of New York convicting the de-
fendant of a violation of section 70 of the Labor Law.

The Kursheedt Manufacturing Company is a domestic cor-
poration engaged in the manufacture of trimmings in the city
of New York. The defendant at all times mentioned in the
record was the treasurer of said company and the superintend-

ent of its factory. Prior to March 25, 1907, a girl applied for employment to a person in charge of a department of the business of said company, on the fifth floor of its factory building, and stated that she was more than sixteen years of age, and she was thereupon employed.

On said March 25 an assistant to the State Factory Inspector, after conversation with said girl, went to the office of the company on the first floor of said building, where she saw the defendant, and stated to him that she had found a girl employed in the factory who was under sixteen years of age that had not theretofore filed a certificate with the corporation as required by the Labor Law. The defendant replied that he did not know that the statute had been violated, and the girl was immediately discharged. The defendant was thereupon arrested and subsequently convicted as stated.

Prior to such interview with the defendant he had never seen said girl and did not know that she was employed in the factory or that she was under sixteen years of age. He had nothing whatever to do personally with her employment. One Wheelwright, an employee of said corporation, had charge of directing what help should be employed. The court refused to allow the defendant to prove the instructions given to the foreman of the different departments of said factory or as to what instructions had been given to the person in charge of the department on the fifth floor of the factory, where said girl was so employed, in regard to complying with the Labor Law.

*George H. Taylor, Jr.,* for appellant. There was no evidence of criminal intent on defendant's part, and in fact the evidence in no way connects defendant with the offense charged. (*People v. Flack,* 125 N. Y. 324; Penal Code, § 29.)

*William S. Jackson, Attorney-General (Timothy I. Dillon,* of counsel), for respondent. The defendant was properly convicted of the crime charged. (Penal Code, § 384-l.)

CHASE, J.:

Section 70 of the Labor Law, as amended by chapter 184 of the Laws of 1903, provides: "No child under the age of fourteen years shall be employed, permitted or suffered to work in or in connection with any factory in this State. No child between the ages of fourteen and sixteen years shall be so employed, permitted or suffered to work unless an employment certificate issued as provided in this article shall have been theretofore filed in the office of the employer at the place of employment of such child."

It is provided by the Penal Code (section 384-1), that "Any person who violates or does not comply with:

"1. The provisions of article six of the Labor Law relating to factories * * * is guilty of a misdemeanor and upon conviction shall be punished for a first offense by a fine of not less than twenty nor more than one hundred dollars. * * *"

Said section of the Labor Law is a police regulation intended for the protection of the public health. A violation of its provisions is not *malum in se,* but *malum prohibitum.* Such a prohibitive statute should be strictly construed. (*People v. Werner,* 174 N. Y. 132.)

The defendant was not individually an employer of labor. He was an officer, agent and employee of the corporation and responsible to it for the conduct of its business, but so far as appears, in no way beneficially interested therein. Such an officer, agent and employee has such powers and performs such duties in the management of the property and affairs of the corporation as may be prescribed by the directors or in the by-laws of the corporation. (The Stock Corporation Law, § 27.)

We assume that the person who owns a factory is liable for a violation of said section of the Labor Law if contrary to the provisions thereof a child is employed by such owner either directly or through an officer, agent or employee, and wholly without regard to whether the employment is an intentional

and willful violation of the statute. The term ". person " includes a corporation or joint association as well as a natural person. (Penal Code, § 18, subd. 13.)

The owner, by or for whom the child is employed in violation of the statute, is liable because such employment is prohibited. The question of intent is immaterial. (*People v. Werner, supra; People v. Kibler,* 106 N. Y. 321.) The person actually entering into the contract by which a child is employed contrary to the provisions of the said section of the Labor Law is liable therefor, although such person acts as the agent or employee of another because his act is also contrary to such provision of the statute.

The question directly before us, however, is as to whether an employee of a corporation, who is the superior in authority of another employee of such corporation, is individually liable for such employment in the interest of and for the beneficial purposes of the corporation when such employment is made by the subordinate without the knowledge or consent of the person charged with the crime and contrary to his express direction. We think not.

The Labor Law relating to factories does not treat the owner of a factory and the superintendent or manager thereof as equally responsible in all cases for carrying out its provisions.

Section 76, relating to the registry of children employed in a factory, by its express terms applies to each " person owning or operating a factory and employing children." Sections 77 and 78, relating to the hours of labor of minors and women, apply to " The employer of such persons;" section 79, relating to the inclosure and operation of elevators and hoisting shafts and the inspection thereof; section 86, relating to ventilation; section 90, relating to inspection of factory buildings, and section 92, relating to the employment of women and children at polishing or buffing, apply to " the owner, agent or lessee of such factory;" section 81, relating to the protection of em-

ployees operating machinery, applies to "The owner or person in charge of a factory where machinery is used;" section 83, relating to factory inspectors ordering the erection of fire escapes, applies to "the owner, proprietor or lessee of any factory or the agent or *superintendent thereof,* or either of them;" section 87, relating to the report of accidents, applies to "the person in *charge of any factory;*" and section 91, relating to the inspection of boilers, applies to "the owner, agent, manager or lessee of such factory."

An examination of all the sections in the article of the Labor Law relating to factories shows that it was the intention of the legislature to make an owner, as the person beneficially interested, generally liable for violations of the article, and also to place upon the persons immediately or personally connected with the acts prohibited the responsibility for carrying out the provisions thereof.

"A person concerned in the commission of a crime whether he directly commits the act constituting the offense or aids and abets in its commission, and whether present or absent, and a person who directly or indirectly counsels, commands, induces or procures another to commit a crime, is a principal." (Penal Code, section 29.)

The defendant is not a principal as defined in said section of the Penal Code. "A person who commits or participates in an act which would make him an accessory if the crime committed were a felony, is a principal, and may be indicted and punished as such, if the crime be a misdemeanor." (Penal Code, sec. 31.) The defendant did not commit or participate in the act of employing the girl mentioned in the information or complaint.

There is no provision of the Labor Law which makes the superintendent of a factory of a corporation liable for the employment of a child under sixteen years of age by a foreman or other employee contrary to express directions given in good

faith by such superintendent.   The defendant is not in any sense a person who aids or abets such employment in violation of the statutes or who counsels, commands, induces or procures such employment.   He was not a person who employed, permitted or suffered the girl mentioned to work in the Kursheedt Manufacturing Company.

The judgment convicting the defendant of the crime of violating section 70 of the Labor Law should, therefore, be reversed, and the defendant discharged.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment reversed.

## NOTE ON EMPLOYMENT OF MINORS.

### CONSTITUTIONALITY OF STATUTES.

Within police power of State to make proper regulations as to the employment of minors.   New York v. Chelsea, 43 Misc. 266.

Section 292, Penal Code.   Not violative of any constitutional right, but within the police power.   People v. Ewer, 10 N. Y. Cr. Rep. 285.

Laws 1903, ch. 459, sec. 4, regarding employment of child under 14 during time school is in session held constitutional.   New York v. Chelsea, 43 Misc. 266.

### WHAT IS INCLUDED.

Employment in laundry held not to be such " business or vocation " as is intended in the statute " to prevent and punish wrongs to children," and prohibiting any business injurious to health or dangerous to life and limb. Hickey v. Taaffe, 99 N. Y. 204.

Business must be vicious in itself or partaking of character of amusement.   No application to useful industries, or useful and necessary business or occupation.   Cooke v. Lalance-Grosjean Mfg. Co., 99 N. Y. 649.

Section 292, Penal Code, not limited to exhibitions which offend against

public morals or decency or endanger life or limb, but applies to all public shows. People v. Ewer, 8 N. Y. Cr. 383; aff'd, 141 N. Y. 129.

Penal Code, 292, held to be a repeal by implication of existing statute prohibiting their employment in dangerous occupation. Ryan v. Buchanan, 37 Hun, 425.

Penal Code, 292, does not allow mayor to consent to singing and dancing by child in theatre. People v. Grant, 70 Hun, 233; In re Stevens, 70 Hun, 243.

Effect of laws 1892, chapter 309. People v. Grant, 70 Hun, 233.

### EVIDENCE.

That parent of boy found begging directed to restrain; that he did punish and forbid; that boy was again detected begging, held insufficient to warrant conviction under 292 of Penal Code. People v. Malone, 63 App. Div. 117.

Held sufficient if shown that there was a theatrical exhibition, that defendant employed children under 16 to perform therein, and that they did so perform. People v. Meade, 10 N. Y. Supp. 943.

Innocent intent no defense. New York v. Chelsea, 43 Misc. 266.