COURT OF SPECIAL SESSIONS—NEW YORK CITY,

April, 1914.

# THE PEOPLE v. BORDEN'S CONDENSED MILK COMPANY.

(1.) MAINTAINING PUBLIC NUISANCE—PENAL LAW § 1530.

Defendant handled, pasteurized and sold milk in Brooklyn, and on account of the noise, obstructing street, allowing steam to escape, etc., etc., by day and by night, caused annoyance and discomfort to a large number of persons in the vicinity of the milk plant. Defendant claimed that all the acts were necessary to meet the requirements of the resolution of the Board of Health compelling the pasteurization of the milk, *Held,* that the defendant was guilty of committing and maintaining a public nuisance and of a misdemeanor under Penal Law, Section 1532.

(2.) SAME.

A statute in derogation of private rights must be strictly construed and the direction by the Board of Health that milk of a certain grade be pasteurized does not imply an authority that defendant may adopt any process, in the cheapest and most economical manner, and regardless of any consequences to third persons.

PRESENT:

*Hon. Isaac Franklin Russell,* Chief Justice.

*Hon. Frederick Kernochan* and *Hon. Joseph F. Moss,* Justices.

APPEARANCES:

James C. Cropsey, District attorney, by Harry G. Anderson and Edward W. Cooper, Assistant District Attorneys, for the people.

Thomas M. Rowlette and I. R. Celand, for the defendant.

RUSSELL, C. J.:

The defendant, a foreign corporation with a permit to do business in this State, is charged with maintaining a public nuisance, in violation of Section 1530, subdivision 1, of the Penal Law which is as follows:—

> "A public nuisance is a crime against the order and economy of the state, and consists in unlawfully doing an act, or omitting to perform a duty, which act or omission:
> 1. Annoys, injures or endangers the comfort, repose, health or safety of any considerable number of persons."

The defendant corporation is engaged in the business of handling, pasteurizing and selling milk, and for several years has owned a depot and plant at the southwest corner of De-Kalb Avenue and Lewis Avenue in the Borough of Brooklyn.

The evidence adduced on behalf of the people tended to show, in support of the charges contained in the information, that on February 8th, 1914, and at various times prior thereto, the defendant, during the hours of both day and night, committed various acts and caused certain nuisances which may be detailed as follows:—

Causing noise by banging milk cans, by unloading trucks containing empty milk cans, by unloading ice through a chute into the building from the sidewalk, by emitting steam through the windows and doors of the building onto the sidewalk, by unloading milk boxes on the sidewalk, by allowing drivers of teams and other employees to shout in a loud tone of voice, particularly during the night time;

Blocking the public streets for considerable periods of time by leaving large trucks upon the streets, unattended by

drivers; and obstructing the free use of the public street by allowing steam, used in washing milk receptacles, to escape in such volume and density as to make it difficult for pedestrians and others to see objects only a few feet off.

The evidence was abundant and clearly established the allegations contained in the information that the acts of the defendant corporation, by day and by night, caused annoyance and discomfort to a large number of persons in the vicinity of this milk plant.

The defendant takes the position that it is engaged in a lawful business, and that all the acts complained of were made necessary in order to meet the requirements of a resolution of the Board of Health compelling the pasteurization of certain grades of milk.

The Board of Health of the City of New York, on April 9th, 1912, passed a resolution providing for pasteurization of milk. While this was not immediately compulsory the defendant began to make various alterations and improvements in its plant to meet the new conditions; and on October 28th, 1913, the Board of Health, by proper resolution, proceeded to make pasteurization of milk compulsory, whereupon the defendant, to avoid being driven out of business, changed its said plant to a pasteurization plant, and secured a permit to pasteurize from the Health Department of the City.

The argument and contention of the defendant are that all the acts complained of are necessarily incidental to the proper conduct of the business of pasteurizing milk, that ice must be procured as a necessary element in the process of pasteurization, that washing milk bottles is now demanded as a legal obligation, that teams of horses properly managed require some oral direction, that horses and trucks may lawfully stand on the streets, and that some noise caused by moving milk cans is necessarily incidental to the legitimate business conducted by

the defendant.  Defendant urges that the various acts, complained of as constituting a public nuisance, could not have been obviated by the use of improved machinery and more effective mechanical appliances and processes.  At the same time it is argued that the noise caused by the unloading of ice through the chute was only temporary and ceased as soon as the ice plant had been installed; that the escape of steam, through the windows onto the sidewalk, was similarly temporary, and ceased wholly when a pipe and blower were installed to take the steam up over the roof; that noise caused by unloading milk boxes on the sidewalk was ultimately obviated by a new plan of unloading which was done inside the yard, and by the introduction and use of new and ingenious mechanical devices for handling the boxes, and that now, by employing a rope mattress on which the cans fell heavily, the noise of impact is much lessened.  A mere statement and enumeration of these details force the conclusion that the acts complained were necessary and might have been avoided at the start.  It must be conceded that the Health Department has full authority to make necessary rules and regulations in order to protect the health of the community.  This is in the proper exercise of the police power of the state.  The power to make ordinances which have the force of law can be delegated by the State to a municipality.  It might be reasoned speciously that the State cannot complain of that which it authorizes and commands; that, in the case at bar, having required pasteurization of milk, the public authority must sustain the defendant in doing what is necessary to effect such pasteurization.

Specifically the question arises, can a statutory sanction be pleaded in justification of acts which are in law a nuisance?  There are authorities, it is true, which seem to announce this doctrine.  Thus, in the case of Miller v. The Mayor, 109 U. S., 385, it was held that the construction of the East River

Bridge could not be held to be a nuisance, inasmuch as both Federal and State statutes had authorized the construction of this transfluvial viaduct.

It seems an absurdity to conduct a prosecution by the people for doing what the people have solemnly enacted shall be done. It is unreasonable for the State to prosecute a citizen criminally for doing what an act of the legislature has authorized. So, in the early case of People v. New York Light Co., 64 Barb., 55, it was, in substance, held that, where the legislature had authorized the manufacture of gas, an action for nuisance could not be maintained if the defendant used due care and diligence in the conduct of the business.

The true rule of law seems to be that a statute in derogation of private rights must be strictly construed, as the court said in Cogswell v. N. Y., N. H. & H. R. R. Co., 103 N. Y., 10.

> "The statutory sanction which will justify an injury to private property must be express, or must be given by clear and unquestionable implication from the powers expressly conferred, so that it can fairly be said that the legislature contemplated the doing of the very act which occasioned the injury."

Other and later adjudications, as, for example, Rosenheimer v. Gas Light Co., 36 A. D., 1, and Bohan v. Port Jervis Gas Light Co., 122 N. Y., 27, announce the same doctrine.

So, apart from the details of the scientific process of pasteurization, as such, in the case at bar there is nothing in the law or resolution of the Board of Health which requires the defendant to pasteurize milk in any particular way, or in any particular place, or under any special condition, or under any specification of method. Such specificity is necessary in order

to make the statutory sanction of defendant's acts available as a defence.

Rights granted or regulated by statute must be exercised with due regard to the rights of other persons.  So it has been held that a municipal corporation, given the right to discharge refuse into an adjacent stream, must exercise such right so as not to create a nuisance.  Peck v. Michigan City, 149 Ind., 670.

The rule is the same in New York State.  In Bohan v. Port Jervis Gaslight Co., 122 N. Y., 18, it was held that the fact that a corporation had power and authority from the legislature to purchase and hold real estate and manufacture illuminating gas did not exempt it from liability for damages caused by its maintaining a nuisance in conducting its work so as to injure private property.

The direction by the Board of Health that milk of a certain grade be pasteurized does not imply an authority that defendant may adopt any process, in the cheapest and most economical manner, and regardless of any consequences to third persons.  Rosenheimer v. Standard Gaslight Co., 36 A. D., 8. The rule is that the defendant must carry on all its processes by methods productive of as little inconvenience as possible to those in the vicinity of its plant, and that its apparatus and appliances be adapted to that end, and that it exercise the greatest care in that regard.  Rosenheimer v. Standard Gaslight Co., 36 A. D., 5 and 6.

Counsel for defendant argues throughout his brief that criminal intent on the part of the defendant in the case at bar is not established by the evidence, and asserts boldly that there can be no conviction in a criminal court without proof of such criminal intent.  While this may be a safe proposition from an academic standpoint the tendency of recent adjudication, particularly in cases involving health regulations, is to overlook

the fact of criminal intent altogether. People v. Kibler, 106 N. Y., 321; People v. Taylor, 192 N. Y., 398; People v. Werner, 174 N. Y., 132.

Motion to dismiss the information is denied. On the evidence the court finds the defendant guilty of committing and maintaining a public nuisance and of a misdemeanor under section 1532 of the Penal Law.

KERNOCHAN and Moss, JJ., concur.