THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* CHARLES H. GAAB, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* DAVID WALLACE, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* HENRY WETZEL, Respondent.

*People* v. *Gaab*, 177 App. Div. 192, appeal dismissed.
*People* v. *Wallace*, 177 App. Div. 928, appeal dismissed.
*People* v. *Wetzel*, 177 App. Div. 928, appeal dismissed.
(Argued June 12, 1917; decided July 11, 1917.)

APPEAL in each of the above-entitled actions from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 9, 1917, which affirmed an order of the Court of Special Sessions of the City of New York granting a motion in arrest of judgment. Each defendant sold a loaf of bread, unwrapped, without any label or tag attached thereto showing either standard weight, standard measure or numerical count. For this act he was accused of a crime, as having committed a misdemeanor. Upon these facts the only question to be determined was whether there was

any provision of law compelling the affixing of a label or tag to a single, unwrapped loaf of bread. The statute alleged to have been violated was article 2 of the General Business Law. The contention of the prosecution was that a label or tag was necessary because (1) bread must be sold by weight; and (2) sale by weight being required, there must be a label or tag attached showing such weight. The Appellate Division, in unanimously affirming the orders in arrest of judgment, held there was no such requirement of statute.

*Harry E. Lewis*, District Attorney (*Harry G. Anderson* of counsel), for appellant.

*Ellwood M. Rabenold* for respondent.

Appeal in each case dismissed on the authority of *People* v. *Malone* (169 N. Y. 568) and New York Inferior Criminal Courts Act (§.40); no opinion.

Concur: HISCOCK, Ch. J., CUDDEBACK, HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ.