THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES WERNER, Appellant.

1. CRIMES — WHEN INTENT TO VIOLATE LIQUOR TAX LAW IS NOT NECESSARY TO SUPPORT INDICTMENT. The belief of a hotelkeeper that a boy to whom he sold liquor was over eighteen years of age, based upon information derived from the boy and his father, is no defense to an indictment for a violation of section 30 of the Liquor Tax Law (L. 1896, ch. 112), since the general rule that criminal intention is the essence of the crime does not apply to an act which is simply *malum prohibitum*. Statutes of this character, however, should be strictly construed, and require strict proof of the commission of the offense charged.

2. WITNESS — EVIDENCE TENDING TO IMPEACH OR CONTRADICT ADMISSIBLE. Where the only evidence to support the indictment, so far as it was based upon the boy's age, is the testimony of his father, the defendant may, for the purpose of contradicting or impeaching him, show on his cross-examination and by the testimony of other witnesses that he had stated to him that his son was over eighteen years of age, and the exclusion of such testimony is reversible error.

3. EVIDENCE TENDING TO PREJUDICE JURY INADMISSIBLE. Testimony elicited upon defendant's cross-examination tending to show that he had stated to others that he had been complained of for selling liquor to minors, and that he was going to keep right on selling it just the same, is wholly immaterial and objectionable, as tending to prejudice and mislead the jury, and its reception constitutes reversible error.

*People* v. *Werner*, 52 App. Div. 635, reversed.

(Argued February 26, 1903; decided March 17, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered August 20, 1900, affirming a judgment of the Wyoming County Court entered upon a verdict convicting the defendant of the crime of selling and delivering liquor to a minor under the age of eighteen years.

The facts, so far as material, are stated in the opinion.

*Frank W. Brown* for appellant.   If the defendant, at the time he sold this liquor to Lee Moore, relied upon the statement made to him by the father of this alleged minor, that he was over eighteen years of age, and if the defendant believed that statement, he should have been acquitted, and the court erred in refusing to so charge the jury.   (*Gardner* v. *People*, 62 N. Y. 299; *People* v. *Brooks*, 1 Den. 457; *Morris* v. *People*, 3 Den. 381; Bishop on Criminal Law, §§ 374, 377.)   The court erred in refusing to submit the question of the defendant's age to the jury, upon the testimony of the defendant and the witnesses who testified to the statements made by the father of the minor previous to the selling.   (L. 1882, ch. 340.)   The court erred in admitting the testimony of the People's witnesses, John Kemp and George Royce, as to declarations of the defendant, against the objection of the defendant.   (*People* v. *Corey*, 148 N. Y. 489; *Anderson* v. *R., W. & O. R. R. Co.*, 54 N. Y. 333; *O'Hagan* v. *Dillon*, 76 N. Y. 170.)

*Elmer E. Charles* for respondent.   The knowledge or intent of the defendant in making the sale is immaterial.   The sale completed the offense.   (Black on Intox. Liquors, §§ 24, 26, 31, 418; *People* v. *Kibler*, 106 N. Y. 321; *People* v. *West*, 106 N. Y. 293; *People* v. *Kipperly*, 37 Hun, 328; *People* v. *Scott*, 4 N. Y. Cr. Rep. 306; *State* v. *Kirkead*, 57 Conn. 173; *Jamison* v. *Burton*, 43 Iowa, 284; *McCutcheon* v. *People*, 69 Ill. 601; *Comm.* v. *Gould*, 158 Mass. 507; *State* v. *Hatfield*, 24 Wis. 61; *Ulrich* v. *Comm.*, 6 Bush, 400.)

O'BRIEN, J.   The defendant kept a hotel or tavern and was authorized to traffic in liquors.   He was convicted of a violation of the act in that he sold and delivered liquor to a minor under the age of eighteen years, contrary to the provisions of section thirty of the statute.   The jury would have been justified in finding that the defendant acted in good faith, supposing from what the boy and his father had told him that he was over eighteen years of age, but the absence of any

criminal intent and the circumstance that the defendant acted in good faith would seem to be immaterial. The law on that subject seems to be that an act *malum prohibitum* is not excused by ignorance, or a mistake of fact when a specific act is made by law indictable irrespective of the defendant's motive or intent. His belief that he was right in what he did based on a mistake of fact is no defense. (Wharton Cr. Law [9th ed.], § 1507; *People* v. *Kibler*, 106 N. Y. 321; *Morris* v. *People*, 3 Denio, 381; *Gardner* v. *People*, 62 N. Y. 299.)

The general rule that the criminal intention is the essence of the crime does not apply to such prohibited acts; but while that is so, such statutes ought to be strictly construed and the People required to give strict proof of the commission of the offense. On the trial of this case the defendant was entitled to give all the proof that he had that had any bearing upon the issues involved or upon the credibility of the witnesses against him. We think this principle was violated upon the trial. The only proof given in support of the charge, so far as it was based upon the age of the boy to whom the liquor was sold, was given by his father, who testified to the date of his birth. On cross-examination this witness was asked whether he had not stated to the defendant, at a time and place mentioned and in the presence of certain persons named, that his son was over eighteen years of age at the time of the transaction. His answer was, in substance, that he did not recollect anything of that kind. After the People had rested the defendant was sworn as a witness in his own behalf, and was asked whether the father had not stated to him, in the presence of the persons named and at the time stated, that his son was over eighteen years of age. This question was objected to by the district attorney. The objection was sustained and the defendant excepted. We think that the defendant was entitled to give this testimony. The age of the boy was a material issue in the case, and although the father had testified in general terms to his age, yet the defendant had the right to contradict or impeach the father by showing that he

had made a contrary statement out of court.  The testimony of the father to prove that the boy was a minor under eighteen years of age could be impeached or contradicted by proof that he had stated otherwise out of court.

At a subsequent stage of the trial the defendant called the witnesses that he stated were present at the time and place when these declarations of the father as to the age of his son were made in the presence of the defendant.  This testimony was objected to by the district attorney, and the objection was sustained by the court.  We think that this testimony was admissible, for the reason already stated.  That is to say, because it tended to impeach or contradict the principal witness on the part of the People as to the age of the alleged minor, and if the jury believed his statements out of court instead of his statements as a witness, then the defendant should have been acquitted.  On the cross-examination of the defendant he was asked by the prosecuting officer whether he had not stated, in substance, in the presence of certain persons named, at a certain time and place, that he had been complained of for selling liquor to minors, and that he expected it would cost him about seventy-five dollars, and that he was going to keep right on selling it just the same.  This question was objected to by the defendant's counsel as immaterial and incompetent.  The objection was overruled and the defendant's counsel excepted, and thereupon the prosecution called witnesses and gave proof tending to establish the fact that the defendant had so stated.  This, we think, was error.  The defendant's declarations that he had been complained of for selling liquor to minors were wholly immaterial, and still more immaterial and objectionable was the statement alleged to have been made that he intended to keep right on violating the law.  This testimony had no possible bearing upon any issue in the case, and its natural and necessary effect would be to prejudice and mislead the jury.  The defendant was duly authorized by law to traffic in liquors, and assuming, as he claims, that he sold the liquor on this occasion to the boy in good faith, believing him to be over eighteen years of age, he

was entitled upon the trial to the benefit of all the rules of
law applicable to such an issue. When the prosecution pre-
sented him to the jury as a person who had resolved to keep
on violating the law irrespective of consequences, there was a
departure from the real issues in the case, and the jury was
permitted to consider matters that had no legitimate relation
to the issues on trial. For these reasons the judgment of con-
viction should be reversed and a new trial granted.

Parker, Ch. J., Bartlett, Martin, Vann, Cullen and
Werner, JJ., concur.

Judgment reversed, etc.