(133 App. Div. 456.)

### PEOPLE v. COREY.

(Supreme Court, Appellate Division, Third Department. June 24, 1909.)

1. INTOXICATING LIQUORS (§ 131*)—OFFENSES—INTENT.

It is no defense to a charge of an unlawful sale of intoxicating liquor that there was no criminal intent, as accused had been advised that he was authorized to continue the sale of liquor under his hotel license, notwithstanding the burning of the hotel; the offense being malum prohibitum, in the commission of which the intent is immaterial.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 161; Dec. Dig. § 131.*]

2. INTOXICATING LIQUORS (§ 104*)—OFFENSES—SALE IN CONNECTION WITH HOTEL BUSINESS.

A license under Liquor Tax Law (Laws 1896, p. 57, c. 112) § 16, question No. 4, as amended by Laws 1897, p. 216, c. 312, § 9, to sell intoxicating liquor in connection with the business of keeping a hotel, is no protection to a sale in another building on the hotel premises and where the liquor had been previously sold, after the hotel has burned.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 109; Dec. Dig. § 104.*]

Appeal from Criminal Term, Franklin County.

Charles J. Corey was convicted of unlawfully selling intoxicating liquor, and he appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

R. M. Moore, for appellant.

John W. Genaway, for the People.

SMITH, P. J. The defendant has been convicted of selling liquor in the village of Santa Clara without authority of law. In May, 1906, he was the proprietor of a hotel in Santa Clara known as the "Mountain View Villa." About 62 rods from the hotel, but upon the hotel property and upon the side street, was a small building in which he sold liquor. By stipulation in open court it appears that the voters of the town had voted against the selling of liquor except under question 4 that liquor might be sold by hotel keepers only. See section 16, c. 112, p. 57, Laws of 1896, as amended by Laws 1897, p. 216, c. 312, § 9. Upon the 5th day of June the hotel burned down. It was never thereafter rebuilt by the defendant, and upon the 22d of December thereafter the offense was committed for which the defendant stands convicted. His first defense is that he was authorized to sell liquor under the hotel license which he held. He claims, further, that, even if unauthorized, there was no criminal intent, because he was advised that he was authorized to continue the sale after the burning of this hotel. As to the latter claim little need be said, because the offense is malum prohibitum, in the commission of which the intent is immaterial. People v. Werner, 174 N. Y. 132, 66 N. E. 667.

Nor can the defendant claim protection from his hotel license. Under section 16 of the liquor tax law question No. 4 which is submitted to the people reads as follows:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Shall any person be authorized to traffic in liquors under subdivision 1 of section 11 of the liquor tax law, but only in connection with the business of keeping a hotel?  *  *  * "

It is clear that after the hotel burned, and was not rebuilt, the selling of liquor in this café could not be "in connection with the business of keeping a hotel." The defendant might have surrendered his license and have procured the proper rebate; but he could not continue selling liquor except in connection with the business of keeping a hotel.

The judgment of conviction was right, and should·be affirmed.

Judgment of conviction affirmed. All concur.