MASON–HENRY PRESS v. ÆTNA LIFE INS. CO.  ,

(Supreme Court, Appellate Division, Fourth Department.   July 11, 1911.)

1. INSURANCE (§ 616½*)—CONCLUSIVENESS OF JUDGMENT AGAINST INSURED—
MATTERS CONCLUDED.

An injured servant recovered a judgment against his master, who held an employer's liability insurance policy; the grounds of the judgment being that the employer hired the servant in violation of the labor law (Consol. Laws 1909, c. 31).  The insurer, under its policy, defended the action in the master's name.  *Held*, that the judgment in favor of the employé established conclusively between the insurer and the insured the liability of the insured to the employé, so as to fix the amount of the charge against the insurer, if any liability existed, and likewise conclusively established that the insured had hired the servant in violation of the law.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 616½;* Judgment, Cent. Dig. § 1224.]

2. INSURANCE (§ 388*)—GUARANTY INSURANCE—"WAIVER."

An employer's liability policy provided that it did not cover loss or expense arising on account of or resulting from injuries or death to any person employed in violation of law, and that, if any suit be brought against the insured to enforce a claim for damages on account of an accident covered by the policy, the insurer would, at its own cost, defend such suit in the name and on behalf of insured.  An injured servant brought an action against the insured, claiming that he was under 16 years of age, and that the insured negligently hired him in violation of the labor law (Consol. Laws 1909, c. 31).  The insurance company, while notifying the insured that it was not liable, if the accident was the result of a hiring in violation of the labor law, defended the action.  A judgment was recovered against the insured for negligence in violating the labor law.  The insured was invited to participate in the trial, and was represented by his own counsel.  *Held* that, in defending the suit, the insurer did not waive the right to rely upon the exception in the policy; "waiver" being the intentional abandonment or relinquishment of an existing right, and the insurer having insisted on its nonliability, if the hiring was in violation of law, and defended merely to protect itself and comply with its agreement.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1026–1040; Dec. Dig. § 388.*  .

For other definitions, see Words and Phrases, vol. 8, pp. 7375–7381; vol. 8, pp. 7831, 7832.]

Appeal from Trial Term, Onondaga County.

Action by the Mason-Henry Press against the Ætna Life Insurance Company.  From a judgment for plaintiff, and an order denying its motion for a new trial, defendant appeals.  Judgment and order reversed, and new trial granted.

The plaintiff, a domestic corporation, has recovered a judgment upon an employer's liability insurance policy issued to it by the defendant, a foreign corporation, on the 5th of July, 1906, and which, by its terms, ran for three years from its date and at an annual premium of $42.90.  In May, 1908, a boy named Krause, under 16 years of age, while in the service of the assured, was injured on a printing press, and recovered a judgment for the injuries suffered by him, and the recovery was based upon the negligence of the employer in hiring him in violation of the labor law.  The plaintiff paid the judgment, and has recovered the amount of the same in this action.  The defendant contested the claim, alleging that by the express terms of its contract with the plaintiff it is not liable.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Charles E. Spencer, for appellant.

G. W. O'Brien, for respondent.

SPRING, J.   By the policy in controversy the defendant insured the plaintiff—

"against loss or expense arising or resulting from claims upon the assured for damages on account of bodily injuries or death accidently suffered, by reason of the operation of the trade or business described herein, by any employé or employés of the assured while within the factory, shop, or yard described herein."

The policy provided that:

"This insurance is subject to the following conditions."

In the subjoined paragraph A, the liability of the company is limited to $5,000 for injuries or death of "one person" in its employ. Under the head of "Exclusions" it is provided as follows:

"B. This policy does not cover loss or expense arising on account of or resulting from injuries or death to or if caused by (1) any person employed in violation of law, or any child under the age of fourteen (14) years, where there is no legal restriction as to age of employment."

The injured employé, Krause, in his complaint against the manufacturing company, charged that it was negligent in employing him when only 15 years of age without the employment certificate prescribed by section 71 of the labor law; that he was set to work on a dangerous machine when out of repair, and was negligently instructed in its operation. There was a conflict in the testimony as to the age of Krause and as to whether, if in fact he was under 16 years of age, the employer was negligent in employing him, for the reason it claimed it had been informed, at the time of the commencement of the service, by Krause and his father, that the boy was 16 years of age. The other grounds of negligence alleged were not submitted to the jury. The two issues for determination were whether Krause was in fact under 16 years of age; and, second, assuming that fact, and assuming that the machine on which he was employed was dangerous, did the defendant exercise due care in ascertaining the truth of the statements made to it as to his age?

The court summed up its discussion of the two issues in this language:

"That is substantially the case which you have to determine. First, was the boy as a matter of fact, at the time of this accident, 16 years of age? If he was not, concededly he had no certificate such as the statute requires, and the employment of him by the defendants, in the absence of such certificate, and in the absence of reasonable ground to believe that he was 16 years of age, is evidence from which you may infer negligence on the defendants' part. So if this machine was a dangerous machine, and the boy was under 16 years of age, you may infer negligence from the fact that he was put to work on it in the absence of reasonable ground on the master's part to believe that the boy was in fact 16 years of age. If you find that the master, whatever the truth is as to the boy's age, had reasonable ground to believe that the boy was over 16 years of age, that the master made all the reasonable inquiries on that subject that a reasonably prudent man in the

master's place, knowing all that the master knew or that the master should have known, would have made, and then believed the boy was over 16 years of age, then, whatever the fact is, whether this machine was dangerous or not, whether the boy was 16 years of age or not, your verdict must be for the defendant."

[1] The jury rendered a verdict in favor of the plaintiff, and the judgment, from which no appeal was taken, was paid, and conclusively determined as against the present plaintiff that Krause, at the time he was injured, was under 16 years of age, and that it did not have reasonable ground to believe otherwise; and the court so advised the jury in the submission of the case we are reviewing. The judgment in the former action established conclusively, as against the present appellant, the liability of the assured to respond in damages to the employé, Krause, and fixed the amount of the charge against the appellant, if any liability at all existed by virtue of its indemnity contract with the assured. Mayor v. Brady, 151 N. Y. 611, 45 N. E. 1122; City of New York v. Corn et al., 133 App. Div. 1, 3, 117 N. Y. Supp. 514; Oceanic S. N. Co. v. C. T. E. Co., 134 N. Y. 461, 31 N. E. 987, 30 Am. St. Rep. 685.

The judgment is also of conclusive effect in establishing against the present plaintiff that it employed Krause in violation of law. The judgment, if conclusive in its favor, must be given a like binding effect against it, when made the basis of recovery in this action. In Fulton C. G. & E. Co. v. Hudson River Tel. Co., 200 N. Y. 287, at page. 297, 93 N. E. 1052, at page 1056, the court states the rule thus:

"The principle is well settled that, by notice and opportunity to defend an action, the party notified becomes a party thereto, so as to be concluded in any subsequent litigation between the same parties as to all questions determined in the action which are material to the right of recovery in the second action, *and the judgment in the first action is conclusive upon the defendant in the first action in the character of plaintiff in the second action, as to the facts thereby determined. Therefore, if it appears that the judgment in the Horning action was based upon a finding of the fact fatal to the recovery in this action, it cannot be maintained.* The judgment in the Horning action is conclusive proof that the plaintiff in this action was legally liable to Horning upon the ground adjudicated in that action, if a ground were adjudicated, in the amount of the verdict therein. The record therein may disclose a state of facts showing that the defendant is or is not liable over to the plaintiff."

The appellant alleged in its answer, and now contends, that the plaintiff, in employing Krause when he was under 16 years of age without the certificate prescribed by the labor law, violated that law, and its claim is therefore within the condemnation of paragraph B of its policy, already quoted. The trial court, however, permitted the jury to find, from the conduct of the defendant, connected with its defense and management of the prior action, that it had waived the benefit otherwise inuring to it of the excepted condition quoted, and that was the only question of fact submitted to the jury.

[2] A brief recital of the salient facts pertaining to this issue seems to be essential to its proper appreciation. On the day after the accident the plaintiff gave to the. defendant notice thereof in writ-

ing in conformity to the terms of the policy, stating that Krause was 16 years of age. The notice of claim in pursuance of the employer's liability act was not executed until August 29th, and was received by the defendant on the 1st of September. In that notice it was stated that Krause was 15 years of age when injured. The service of the notice was the first information the defendant had of this fact, and its manager promptly wrote to the plaintiff, calling attention to this statement, and asking if there was "on file at your office a copy of the employment certificate." On the day following the plaintiff answered this letter, to the effect that it had on file a statement from the father, Adolph Krause, of the age of the son, reading "Emil is 16 years old," signed by "Adolph Krause," and that the mother stated there was no record of his birth. The Krause action was commenced November 10th, and the complaint charged the defendant in that action with negligence in employing and directing the plaintiff to work on a dangerous machine when he was only 15 years of age. The policy contained this provision:

"D. If thereafter any suit is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, the assured shall immediately forward to the company's home office every summons or other process as soon as the same shall have been served on him, and the company will, at its own cost, defend such suit in the name and on behalf of the assured, unless the company shall elect to settle the same or to pay the assured the indemnity as provided for in condition A hereof."

In the succeeding paragraph the assured, "whenever requested by the company," was required to aid in "securing information and evidence, the attendance of witnesses," etc. The assured accordingly delivered to the manager of the defendant at Syracuse the summons and complaint in the Krause action. The manager acknowledged receipt promptly, and in his letter adverted to the fact that the contract of indemnity gave it the right to employ attorneys and to take charge of the action; yet, as—

"sometimes judgments are obtained in excess of the limits in the policy contract, as a matter of courtesy, we allow the assured to have their counsel present at the trial, at their own expense, if they feel so disposed, and, if you wish, you are at liberty to do so in this case. We notice that the complaint in this case alleges that injured was under 16 years of age and that no certificate as required by the labor law had been issued by the board of health. You will permit us, therefore, to call your attention to that provision of the policy which says that the policy does not cover any case where a person is employed in violation of law. If, therefore, it should develop at the trial of this case that injured was employed contrary to law, this case would not fall to us for attention. In accordance with the request of Mr. Mason, we are requesting our attorneys to keep in touch with your attorney, Mr. Ayling, and to submit a draft of the answer to this complaint to him before same is served."

There was no response to this letter. The present defendant employed its attorneys, who prepared and served the answer, which was submitted to the attorney for the assured and verified by its agent. The trial was taken charge of by the attorneys for the appellant on behalf of the assured; but its regular attorney was present, participating as fully as he desired in the trial, and was requested to sum up, which he declined to do. While the two at-

torneys, representing the insurer and assured, respectively, discuss-ed the effect of paragraph B in the policy and did not agree as to its meaning, there was no discord or disagreement in the trial of the action. The appellant, as soon as it was advised of the claim of Krause that he had been employed in violation of the labor law, asserted to the assured that it was not liable on its indemnity pol-icy for injuries to this employé if the claim made was established, insisting that it was expressly excluded from the operation of the insurance contract. At no time did it ever depart from this posi-tion, and the present plaintiff was well advised of its attitude.

I think the facts established on the trial did not constitute a waiv-er on the part of the defendant. Its contract gave it the right to appear and defend on behalf of the assured. The complaint in the former action charged several grounds of negligence. The question of the age of the employé was one of fact. That issue might be determined favorably to the defendant in that action, and the con-test might turn on the other issues presented. For its own pro-tection it was justified in defending the action. The record con-tains the judgment roll and a transcript of the stenographer's min-utes of trial in the former action, and there is nothing in the record to indicate, and there is no claim, that any deception was prac-. ticed upon the assured, or that it was overreached or treated unfairly.

Again, it was a duty imposed upon the insurance company to defend the former action and at its own expense. When it under-took the defense, it was simply performing its contract obligation, and the present plaintiff, although aware of the claim of the appel-lant that it disclaimed any liability if Krause was under 16 years of age when injured, made no suggestion that it preferred to conduct the defense itself, or even to participate in the trial. In view of these facts, it was too late after the trial for the assured to claim the defendant had waived the provision in the contract for its' ben-efit which it unvaryingly insisted was operative if the facts devel-oped which made it applicable.

Waiver is the intentional abandonment or relinquishment of an ex-isting right. Draper v. Oswego Co. Fire Rel. Ass'n, 190 N. Y. 12, 82 N. E. 755; Kiernan v. Dutchess Co. M. Ins. Co., 150 N. Y. 190, 44 N. E. 698. The doctrine of waiver is usually asserted to afford relief against forfeiture. If the assured employed Krause in viola-tion of law, the insurance contract was not, therefore, terminated or avoided. The provision B was an exception, and its violation re-lieved the defendant from liability to respond in damages by reason of that infraction of law. The contract remained in force, and for other injuries not within the exceptions the liability of the insurance company continued unimpaired to the full limit prescribed in the contract.

In Draper v. Oswego Co. F. Ins. Ass'n, 190 N. Y. 12, 82 N. E. 755, supra, the action was on a fire insurance policy. A by-law of the defendant, printed on the policy, provided that the association will not be—

"liable for any loss resulting from an open fire built by the insured with his knowledge or consent within 50 feet from any insured building."

The plaintiff's buildings, within the life of the policy, were destroyed by fire caused by a spark from an open fire built by the insured 40 feet from the barn. It was claimed that the action of the directors of the association after the fire in summoning the insured to appear before them at some inconvenience and expense to himself, in subjecting him to an examination, and other facts along the same line, amounted to a recognition of the policy and a waiver of the by-law referred to, and the question of waiver was the only one submitted to the jury. A recovery was had by the plaintiff, and the judgment was reversed in this court (115 App. Div. 807, 101 N. Y. Supp. 168), which decision was affirmed by the Court of Appeals. The court say, at page 17 of 190 N. Y., and page 756 of 82 N. E.:

"As already said, the doctrine of waiver is to relieve against forfeiture. It requires no consideration for a waiver, nor any prejudice or injury to the other party. The provision cited from the policy in this case, however, is not a condition the breach of which works any forfeiture. It is simply an exception from the risk insured against. In other words, the policy does not cover a loss arising from any of the causes specified in the by-law; but, nevertheless, it remains in full force and effect until the subject-matter of the insurance is destroyed. During the burning of this bonfire, had the plaintiff's barn caught fire from any other cause, even from another bonfire more than 50 feet distant from the building, the plaintiffs would have been entitled to their insurance."

And again, after stating that the plaintiff was informed that the loss could not be adjusted because the association was not liable, and after commenting upon the furnishing of the proofs of loss, the court continue:

"This was the course of procedure prescribed by the by-laws. There was no misrepresentation by any of the officers of the defendant. The plaintiff knew how the fire was caused, and his attention had been called to the exceptions in the risks insured against. The expenditures incurred by him in preparing the proofs of loss and attending the meeting of the directors were made with full knowledge of the facts."

The case of Sargent Mfg. Co. v. Travelers' Ins. Co., in the Supreme Court of Michigan, reported in 130 N. W. 211, is quite closely parallel to the present case in its facts. The defendant issued an employer's liability policy to the plaintiff, which contained an exempting provision similar to paragraph B in the policy in suit. An employé 15 years of age was injured in the service of the assured, and the employment was in violation of a statute of that state. He sued his employer, and the jury found specifically that it was negligent in employing the plaintiff in violation of the statute prohibiting employment of a child under the age of 16 years. The insurance association, as soon as it learned of the claim of the employé, advised the assured that, if the hiring proved to be illegal and "contrary to the statute," it could not pay the judgment. It participated in the trial, taking charge of the defense, assisted, however, by the counsel for the assured. The plaintiff recovered, and the defendant in that action sued the insurance association, and a verdict was directed for the plaintiff on the ground that the defendant, after appearing and defending the former action, could not repudiate its liability. The judgment was reversed by the Supreme Court. The

insurance 'policy involved in that action contained a provision that, in case an action was commenced to recover damages for injuries, the association would defend at its own expense. The allegation of illegal employment was contained in an amended declaration, and the association notified the assured that it would not pay any judgment recovered, based on an employment which transgressed the statute. The court in its opinion said, at page 213:

"Plaintiff must be held to have acted thereafter with full knowledge of defendant's attitude as to liability. By its silence and subsequent par-. ticipation, through its counsel, in the defense of the action, it acquiesced therein. It is quite clear that defendant could not, with safety to itself, have repudiated liability under the policy. If Lund (the employé) succeeded in recovering under his allegations, of common-law liability, defendant was liable. Under the amendment, defendant could not, as a matter of law, determine for itself whether or not the assured had employed Lund at labor, dangerous to life and limb, in violation of the statute. That contention raised a question of fact for the determination of the jury, as we have repeatedly held."

I think the facts in this case were not sufficient to justify the submission of the question of waiver to the jury. The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event.

Judgment and order reversed, and a new trial granted, with costs to appellant to abide event. All concur.