BUFFALO STEEL CO. v. ÆTNA LIFE INS. CO.

(Supreme Court, Trial Term, Erie County. January, 1912.)

1. INSURANCE (§ 616½*)—CONCLUSIVENESS OF JUDGMENT AGAINST INSURED.
   The judgment for plaintiff in an employé's action for personal injury is conclusive against the employer, in its action on its employer's liability insurance policy, of the facts specially found by the verdict in the servant's action, that the machine on which the employé was injured was a dangerous machine within the meaning of Labor Law (Laws 1897, c. 415) § 81, as amended by Laws 1899, c. 192, § 1, and that the employé when injured was under 16 years of age.

   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 616½.*]

2. INSURANCE (§ 435*) — EMPLOYER'S LIABILITY INSURANCE — POLICY — "EMPLOYED IN VIOLATION OF LAW."
   Within a policy insuring an employer against liability for accidents to employés, excepting to any "employed in violation of law," employment of one under 16 years of age, being prohibited by Labor Law (Laws 1897, c. 415) § 71, unless an employment certificate issued as provided shall have been theretofore "filed" in the office of the employer, is in violation of law, where such a certificate was not so filed, though one had been issued and lost.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1144; Dec. Dig. § 435.*

   For other definitions, see Words and Phrases, vol. 3, pp. 2377–2380; vol. 8, p. 7649.]

3. INSURANCE (§ 435*) — EMPLOYER'S LIABILITY INSURANCE — POLICY — "EMPLOYED."
   An employé under 16 years of age "permitted to operate" dangerous machinery prohibited by Labor Law (Laws 1897, c. 415) § 81, as amended by Laws 1899, c. 192, § 1, is "employed in violation of law" within an employer's liability policy, excepting liability for injury to one so employed; "employ," when so used, having a broader meaning than "hir-

ing," and meaning "to have in service, to cause to be engaged in doing something." ·

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1144; Dec. Dig. § 435.*

For other definitions, see Words and Phrases, vol. 3, pp. 2377-2380; vol. 8, p. 7649.]

4. INSURANCE (§ 435*) — EMPLOYER'S LIABILITY INSURANCE — POLICY — "EMPLOYED IN VIOLATION OF LAW"—BELIEF OF EMPLOYER.

Neither the fact that a master who employed one under 16 years old without having a certificate filed, as required by Labor Law (Laws 1897, c. 415) § 71, and at dangerous machinery, in violation of section 81, as amended by Laws 1899, c. 192, § 1, and for longer hours than permitted by section 77, believed the employé was 16 years old, nor the fact that a certificate had been issued misstating the facts as to his age, prevents the child from having been "employed in violation of law," within an employer's liability policy, excepting the insurer from liability in the case of one so employed.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1144; Dec. · Dig. § 435.*]

5. INSURANCE (§ 616½*)—ACTION ON POLICY—PRESUMPTION—GENERAL VERDICT.

There having been a general verdict for plaintiff in an action by an employé against his employer for injury, it may be assumed for the purposes of an action by the employer on its indemnity policy that every issue of fact litigated in the employé's action was decided adversely to the defendant therein.

[Ed. Note.—For. other cases, see Insurance, Dec. Dig. § 616½;* Judgment, Cent. Dig. § 1224.]

6. INSURANCE (§ 435*)—EMPLOYER'S LIABILITY INSURANCE—"EMPLOYED IN VIOLATION OF LAW."

Under an employer's indemnity policy excepting insurer from liability for injury to an employé "employed in violation of law," it is immaterial whether the accident to one so employed was due to or caused by violation of the law.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1144; Dec. Dig. § 435.*]

7. INSURANCE (§ 168*)—CONSTRUCTION OF POLICY—"EMPLOYED IN VIOLATION OF LAW.".

There being no ambiguity in the clause of an employer's liability policy providing it "does not cover * * * injuries * * * to * * * any person employed in violation .of law," there is no place for construing it as though the words "knowingly or negligently" preceded "employed."

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 325; Dec. Dig. · § 168.*]

8. INSURANCE (§ 388*)—EMPLOYER'S LIABILITY INSURANCE—DEFENSE BY INSURER OF ACTION BY EMPLOYÉ AGAINST EMPLOYER—WAIVER.

An employer's liability insurance company by defending an action brought by an employé against an employer does not waive right to deny that the accident to the employé was within an exception to the policy, and therefore one for which it was not liable; it having been understood between it and the employer that it should defend with a full "reservation of policy rights."

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1026-1040, 1057; Dec. Dig. § 388.*]

Action by the Buffalo Steel Company against the Ætna Life Insurance Company. Judgment for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Simon Fleischmann, for plaintiff.
Alfred Becker, for. defendant.

WHEELER, J.  This action is brought to recover on an indemnity policy insuring the plaintiff against liability for accidents to employés caused by its negligence.

On February 28, 1907, one of the plaintiff's employés by the name of Bertram Tetter was injured by having one of his eyes put out. Tetter thereafter instituted an action against the plaintiff, alleging negligence on its part, and recovered a judgment in the sum of $3,-143.30. An appeal was taken from that judgment to the Appellate Division of this court. Tetter v. Buffalo Steel Co., 132 App. Div. 946, 117 N. Y. Supp. 1148. The judgment was affirmed, and the entire judgment, with costs and interest, amounting to the sum of $3,444.94, was paid by the plaintiff, which now sues to recover said sum from this defendant by virtue of the insurance policy in question.

The insurance company defends on the ground that the policy does not cover the particular accident in question, because, it is contended, Tetter was employed in violation of law, and the policy expressly excepts from its operation any liability to persons so employed.

The policy provides that:

"This policy does not cover loss or expense arising on account of, or resulting from injuries, or death to, or if caused by, (1) any person employed in violation of law."

Bertram Tetter was employed by the plaintiff in the spring of 1906, and was injured on February 28, 1907, at about 7:15 p. m. At the time he was hired, he stated that he was over 16 years of age, and that he had been working for another company prior thereto, and had had a certificate of employment issued by the health commissioner, pursuant to statute, which he had lost. A certificate had been actually issued June 17, 1904, by Dr. Edmunds, the health commissioner of Tonawanda, which gave the birth of Tetter as March 4, 1890. As matter of fact, Tetter was born on August 4, 1892; so that at the time of the accident he was under the age of 16 years. From the undisputed facts brought out in the negligence action it appears that Tetter was hired by the Steel Company May 28, 1906, left June 19, 1906, started again August 6, 1906, left October 17, 1906, started again October 27, 1906, left again January 9, 1907, started again January 13, 1907, and continued at work in the employ of the Steel Company until February 28, 1907, the date of the accident. If born March 4, 1890, as stated to the health commissioner by Tetter and his mother, he would have been, at the time of the accident, nearly 17 years of age. He was, in fact, some 14 years and 6 months old. The officers of the Steel Company, when the employment of Tetter was reported, made inquiries of his former employer, the Fenton Box Company, as to his age. That company told the manager of the plaintiff that Tetter had been employed there, stated what age Tetter gave, that he had had papers showing he was old enough to work, but that his certificate had been returned to him. The plaintiff's manager then took the matter up with the health physician, and he, in turn, stated his

record showed his certificate had been issued to the boy, and the boy was then over 16 years of age, but that he could issue no new certificate, as the law did not provide for the issuing of certificates to persons over 16. The plaintiff's manager examined the records of the health physician, and, being satisfied that Tetter was over 16, permitted him to work. This court is satisfied that the Steel Company in employing Tetter and permitting him to work acted in good faith, and in the honest belief that he was over 16 years of age.

The complaint in the action brought by Tetter against the Steel Company alleged as grounds of negligence: (1) Employing Tetter when under the age of 16 years without a certificate of employment having been delivered to and filed with his employer; (2) employing him when under the age of 16 at night; (3) employing him when under 16 to work at and about dangerous machinery; (4) failing to give Tetter proper and sufficient instructions as to his work.

Evidence was given on the trial of the negligence action in support of these allegations, and the jury rendered a general verdict in favor of Tetter, and also found specifically: First. That the machine on which he was injured was a dangerous machine within the meaning of section 81 of the Labor Law. Second. That Tetter was not 16 years of age at the time of the accident.

[1] These adjudications of law and fact in the action of Tetter against the Steel Company must be deemed conclusive against the plaintiff in this action. Mason-Henry Press Co. v. Ætna Life Insurance Company, 146 App. Div. 181, 130 N. Y. Supp. 961, and cases cited.

[2] It is contended by the plaintiff, however, that Tetter, notwithstanding, was not employed in violation of law, within the meaning of the policy in suit, and the statutes of this state. In this opinion reference is made to the sections of the Labor Law as they were numbered before the Consolidated Statutes went into effect. Section 71 of the Labor Law prohibits the employment of persons over 14 years of age and under 16, "unless an employment certificate issued as provided in this article, shall have been theretofore filed in the office of the employer at the place of employment of such child." There certainly was no literal or strict compliance with the statute in the case of Tetter. No certificate was ever "filed" with the plaintiff.

It is, however, contended that some time prior to the hiring one had in fact been issued, which had been lost, and that the Steel Company had knowledge of that fact. True, but the statute forbids the employment of a child of the age in question unless a proper certificate has first been "filed" with the employer. It does not read "issued," but instead says "filed." We must assume the Legislature meant just what it said, and had an object in requiring the "filing" of the certificate with the employer as a condition precedent to the right to employ a child under 16 years of age. If this view be right, then to employ Tetter at all was to employ him in violation of law, and no recovery can be had. The evidence, however, shows quite plainly that Teter was employed, not for the reason that he had the proper certificate permitting his employment, which had been lost, but because

the plaintiff believed that at the time of his employment he was over 16 years of age, and needed no certificate. For the same reason, the plaintiff put him at work on a dangerous machine, which is prohibited being done in the case of one of his years. Section 81 of the Labor Law.

Can the fact that the plaintiff and its officers and managers honestly believed the boy to have been over 16 years of age change the situation, or affect the rights of the parties to this action? The language of the statute is imperative, and the violation of the statute does not apparently depend upon the knowledge or good faith of the employer. In the case of People v. Taylor, 192 N. Y. 400, 85 N. E. 760, Justice Chace, speaking for the court, and referring to the section in question, said:

"We assume that the person who owns a factory is liable for a violation of said section of the Labor Law if, contrary to the provisions thereof, a child is employed by such owner either directly or indirectly, or through an officer, agent, or employé, and wholly without regard to whether the employment is an intentional and willful violation of the statute. * * * The owner by or for whom the child is employed in violation of the statute is liable because such employment is prohibited. The question of intent is immaterial. People v. Werner, 174 N. Y. 132 [66 N. E. 667]; People v. Kibler, 106 N. Y. 321 [12 N. E. 795]."

In a civil action, the gist of civil liability is the negligence of the master in employing a person of such tender years that the Legislature has forbidden his employment. Therefore the Court of Appeals has held in a civil action:

"If the employer, in the exercise of proper vigilance and due caution, is led to believe that the employé is above the statutory age, he cannot well be charged with negligence in employing an infant, whether such belief would be available as a defense in a criminal prosecution or not." Koester v. Rochester Candy Works, 194 N. Y. 95, 87 N. E. 78, 19 L. R. A. (N. S.) 783, 16 Ann. Cas. 589.

The court clearly indicates the distinction to be drawn between a civil action growing out of the employment of a minor in violation of the statute and a criminal prosecution therefor, but in either case the employment still remains a violation of law. Such employment is malum prohibitum.

In the case of People v. Werner, 174 N. Y. 132, 66 N. E. 667, it was held that the belief of a hotel keeper that a boy to whom he sold liquor was over 18, based upon information he received from the boy and his father, was no defense to an indictment for a violation of the Liquor Tax Law (Consol. Laws 1909, c. 34), since the general rule that criminal intent is the essence of the crime does not apply to an act which is simply malum prohibitum. The court said:

"The law on that subject seems to be that an act malum prohibitum is not excused by ignorance, or a mistake of fact, where a specific act is made by law indictable. irrespective of the defendant's motive or intent. His belief that he was right in what he did based on a mistake of fact is no defense."

We are of the opinion that violations of those provisions of the Labor Law which forbid the employment of minors under certain

ages, and upon certain kinds of work, and making it a misdemeanor to do so, fall clearly within the classification of mala prohibita, with all the consequences incident. The doctrine is applied in case of the violation of the Agricultural Law prohibiting the sale of dairy products below certain standards. People v. Kibler, 106 N. Y. 321, 12 N. E. 795; People v. Butler, 140 App. Div. 709, 125 N. Y. Supp. 556; People v. Bosch, 129 App. Div. 660, 114 N. Y. Supp. 65.

[3] What we have said with reference to the employment of Tetter without the filing of the proper certificate required by section 71 of the Labor Law applies with equal force to the violation of section 81 of that law, providing that:

"Children under sixteen years of age shall not be permitted to operate or assist in operating dangerous machinery of any kind." Laws 1897, c. 415, as amended by Laws 1899, c. 192.

The jury in the action of Tetter v. Steel Company found specially that the machine which Tetter was operating, and by which he was injured, was a dangerous machine. We think to put a person under 16 operating a dangerous machine is employing him in violation of law. The word "employ," when used in the Labor Law and in the policy of insurance in question, has a broader meaning than the mere "hiring" of a person. It means, rather, "to have in service, to cause to be engaged in doing something." Webster's Dictionary. To limit the meaning of the word to the mere act of hiring would operate to defeat the plain meaning and purpose of the statute and of the contract of insurance; and, while the section in question provides that children under sixteen shall not be permitted to "operate" dangerous machinery, it must be held that one so put at work is "employed" in violation of law. It is established by the express findings of the jury that Tetter was under 16 and injured while engaged in operating a dangerous machine. His employment on such work was prohibited by the statute, irrespective of whether he had the required certificate of employment or not, and we are unable to discover how the fact that a certificate previously issued, not filed, which misstated the facts as to his true age, can relieve the plaintiff in this case from the legal consequences of such alleged employment.

The same is also true of the violation of section 77 of the Labor Law, providing that no child under the age of 16 shall be employed or permitted to work in or in connection with any factory in this state before 8 in the morning or after 5 o'clock in the evening of any day; it appearing that Tetter was injured shortly after 7 o'clock in the evening on the day of the accident.

[5] It is urged by the plaintiff that, to defeat a recovery, it must appear affirmatively that the accident to Tetter was due to and caused by the violation of some of the sections of the Labor Law quoted, that the recovery by Tetter against the Steel Company was based not only on allegations of violations of these sections, but upon the further ground of a failure on the part of the Steel Company to give Tetter proper and suitable instructions as to the operation of the machine on which he was injured, and that the court cannot say but

that the verdict rendered was predicated solely upon negligence to properly instruct.

The record in the action against the Steel Company discloses that the court instructed the jury that the fact that the boy was under the age of 16 did not "in and of itself warrant a recovery in this case," but further said:

"It is an item which you may take into consideration in determining the liability of the defendant in connection with the other evidence to which your attention will be drawn, provided you find that he was in fact under the age of 16 years. It is merely to be considered in your good judgment to the extent, if any, that it tends to show negligence on the part of the defendant."

The verdict was a general one against the Steel Company, and for the purposes of this action we are justified in assuming that every issue of fact litigated was decided adversely to the defendant in that action. Colaizzi v. Penn. R. R. Co., 143 App. Div. 645, 128 N. Y. Supp. 312; Smith v. Weston, 159 N. Y. 198, 54 N. E. 38; Barker v. Cunard Steamship Co., 91 Hun, 495, 36 N. Y. Supp. 256, affirmed 157 N. Y. 693, 51 N. E. 1089.

[6] But whether the accident was in fact caused, or was contributed to by the fact that Tetter was under 16, or was put at work on a dangerous machine, we deem quite immaterial in this case. The defendant Insurance Company had the right to limit the risks its policy should cover, and if, in fact, the risk was one against which it did not insure, there can be no recovery in this case.

[7] It is further urged that in determining the question of the liability of the defendant the policy should be given a liberal construction in favor of the assured, and that this requires that the words "knowingly or negligently" should be read into the clause before the words "employed in violation of law." It is a general rule of law that policies of insurance are to be construed most favorably for the insured and against the insurer, and, if there is uncertainty or ambiguity as to the meaning of the agreement, it should be resolved in favor of the insured. Gillet v. Bank, 160 N. Y. 549–554, 55 N. E. 292. We are, however, unable to discover any ambiguity in the policy in litigation. Its terms are clear and explicit, and to insert the words "knowingly or negligently" in the policy before the words "employed in violation of law" would, in our opinion, be tantamount to making a new contract for the parties, which is beyond the power of the court. When we consider the history of insurance against loss growing out of casualties due to negligence, we get a pretty clear conception of the objects sought to be obtained by the clause excepting any liability for accidents to persons "employed in violation of law." In the early history of insurance of this character, it was contended that such insurance was illegal and void for the reason that such insurance against loss tended to lessen the care which the law exacted of an employer towards his employé; and therefore contracts relieving the employer of the consequences of his own negligence are against public policy and void. The validity of such insurance has, however, been sustained by the courts. At the same time, it might be well urged

that any contract which insured an employer against loss by reason of some infraction of a positive prohibition of statute, such as the employment of minors under certain ages, would be illegal and void as against public policy. It was doubtless to meet such contingencies that policies insuring against loss due to negligence now almost uniformly incorporate a clause expressly excepting from the risks assumed injuries to persons "employed in violation of law."

We are of the opinion that the clause in question was advisedly written in the policy, and is neither ambiguous nor uncertain. Even if it were ambiguous and uncertain, we should hesitate to give it a construction which would indemnify an employer from loss by reason of the violation of the express prohibition of the statutes of the state. The construction we place on the clause tends to the strict observance of the law of the land, and seems to be in harmony with the adjudications of the courts where the question has arisen. Mason-Henry Press v. Ætna Life Ins. Co., 146 App. Div. 181, 130 N. Y. Supp. 961; Unnewehr v. Standard Life & Accident Ins. Co., 176 Fed. 16, 99 C. C. A. 490; Goodwille v. London Guaranty & Accident Co., 108 Wis. 207, 84 N. W. 164.

[8] It only remains to consider one further position taken by the defendant and urged as a ground for a recovery by the plaintiff. The defendant contends that the Insurance Company by assuming the defense of the action brought by Tetter against the Steel Company, and its conduct thereof, is estopped from denying its liability to indemnify the Steel Company under its policy. The policy of insurance contained this provision:

"D. If thereafter any suit is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, the assured shall immediately forward to the company's home office every summons or other process as soon as the same shall have been served on him, and the company will, at its own cost, defend such suit in the name and on behalf of the assured, unless the company shall elect to settle the same or to pay the assured the indemnity as provided for in condition A, hereof."

It appears from the correspondence between the parties and the evidence on this trial that the claim that Tetter was under the age of 16 at the time of the accident was brought to the attention of both parties, and the claim of the Insurance Company that, if such was the fact, the risk was not covered by the policy, was the subject of discussion between them.

On April 15, 1907, the Steel Company, by letter, sent the Insurance Company a notice of claim regarding Bertram Tetter, and asking the Insurance Company to give the matter its attention. Its receipt was acknowledged by the Insurance Company, advising the plaintiff the matter was receiving its attention. On May 1st the manager of the defendant wrote the Steel Company the following letter:

"Buffalo, N. Y., May 1st, 1907.

"Re accident to Bertram Tetter.

"Buffalo Steel Company, Tonawanda, N. Y.

"Gentlemen: Concerning Mr. McCormick's recent talk with you regarding this case would say, that our company instructs us to advise you that they

will accept same and prosecute to final determination, with a reservation of policy rights. If, at that time, it should be decided that this boy was illegally in your employ when injured, our company will expect you to satisfy any judgment recovered, but if it should be held that this boy was 16 years of age and a judgment rendered for damages, our company will satisfy any judgment.

"We trust you will appreciate the liberal disposition on the part of our company in taking charge of this case, because, as you are undoubtedly aware, anyone illegally in your employ is not covered by our policy. After making a thorough investigation of this case and duly considering the same, we are of the opinion that this plaintiff has no cause of action against your company, and are, therefore, quite fully convinced that our attorneys will be able to defend this case to a successful termination.

"Yours very truly,          Knoll & Turgeon, Managers & Adjusters."

A day or two after the writing of this letter, the attorney for the defendant saw the president of the Steel Company, and had a talk with him in reference thereto, in which the president stated he had received the letter of May 1st, and that it was satisfactory to his company that the Insurance Company should handle the case as set forth in the letter, but that it waived none of its rights; to which the attorney replied: "Why, certainly, we don't wish to take any of your rights away." Thereupon the attorneys for the Insurance Company interposed an answer to the complaint, in the name and on behalf of the Steel Company, and appeared and tried the action in court, which resulted in a judgment in favor of Tetter, as above stated. An appeal was taken to the Appellate Division, and the defendant, at the request of the Steel Company, assented to counsel for the Steel Company appearing and participating in the preparation and argument of the appeal before the Appellate Division. The judgment, however, was affirmed.

It is claimed this action on the part of the Insurance Company amounts to a waiver of any defense that the risk was not one assumed by it, and is, therefore, estopped from now asserting such defense in this action to charge it with liability.

The complaint in the action by Tetter against the Steel Company alleged that Tetter was under 16 years of age. The answer denied that allegation. It was one of the issues of fact to be tried, and was tried, with a finding in favor of Tetter.

The precise question here raised appears to have been passed on by the Appellate Division of this department in the very recent case of Mason-Henry Press v. Ætna Life Insurance Co., 146 App. Div. 181, 130 N. Y. Supp. 961, where it is held that the insurer does not waive the benefit of the exception from liability by defending the action brought by the employé, because it was the duty of the insurer to defend, there being charges of negligence other than the one excepted from the policy. The court in the Mason-Henry Case said:

"The question of the age of the employé was one of fact. That issue might be determined favorably to the defendant in that action, and the contest might turn on the other issues presented. For its own protection it was justified in defending the action. * * * Again, it was a duty imposed upon the Insurance Company to defend the former action at its own expense. When it undertook the defense, it was simply performing its contract obligation, and the present plaintiff, although aware of the claim of the

appellant. that it disclaimed any liability if Krause was under sixteen years of age when injured, made no suggestion that it preferred to conduct the defense itself, or even to participate in the trial.

"In view of these facts, it was too late after the trial for the assured to claim the defendant had waived the provision of the contract for its benefit which it unvaryingly insisted was operative, if the facts developed which made it applicable." 146 App. Div. pages 187, 188, 130 N. Y. Supp. 965.

In the case at bar there seems to have been a mutual understanding between the parties to this action that the Insurance Company should defend the action with a full "reservation of policy rights." After the verdict of the jury, it was thought best to take an appeal, and the defendant cheerfully permitted the plaintiff's own counsel to participate to the fullest extent in the preparation of the appeal brief and the argument before the appellate court. We can discover no waiver by any of these acts of the right to insist that the action to Tetter was excepted. The circumstances inducing the Steel Company to employ Tetter are peculiarly unfortunate to this plaintiff. The employment was induced by the false representations made by Tetter and his father to the plaintiff and the health officer issuing the original certificate of employment, and suggests the wisdom of the Legislature adding a new provision to the Labor Law making it a criminal offense for parents of minors to induce employment or procure from public officials employment certificates by misrepresentations as to the child's true age. The misrepresentations in this case, however, were made to the Steel Company; and not to the Insurance Company. The Steel Company was the party deceived, not the Insurance Company, and there is no good reason for visiting the consequences of the plaintiff's deception upon this defendant, not a party to it. The foregoing considerations lead the court to the conclusion that the complaint be dismissed.

Let findings be drawn in accordance with the views above expressed. So ordered.