respondent claims upon this appeal that the motion was to open a default, under subdivision 2 of section 129, Municipal Court Code, and not a motion to vacate a judgment for nonservice of process under subdivision 1 of said section, and that was evidently the view taken by the lower court.

We see no reason why the defendant was prohibited from asking for any relief the facts might show that she was entitled to, and the first question to be determined by the court was raised by the allegations in the moving papers to the effect that the court had not obtained jurisdiction of the defendant by service of process. This question was one of fact, to be determined by the court below "upon affidavits or otherwise." Section 129, Municipal Court Code. The vacation of the judgment was asked for as a matter of right, and if nonservice was disputed the plaintiff should have met the issue by proof of service. This was not even attempted, and the testimony of the defendant stands uncontradicted.

Order reversed, with $10 costs, and judgment vacated.

---

(173 App. Div. 153)

YONKERS SAV. BANK v. FIDELITY & CASUALTY CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. May 26, 1916.)

JUDGMENT ☞735—RES JUDICATA—QUESTIONS DETERMINED.

An indemnity policy provided that it should not cover any loss from negligence of an elevator attendant under 18 years of age. Plaintiff, owner of a building, sued defendant, a surety company, to recover the amount of a judgment against it in an action by one injured in the elevator in its building. Defendant pleaded the provision of the policy, and alleged that the elevator attendant was under 18 years of age, and that he was in the employ of the owner of the building, as adjudicated in the action by the person injured. The evidence showed that the judgment recovered against the owner was based on the theory of the negligence of the regular elevator employé, and not on that of the minor operating the elevator, who was a friend of the elevator employé. Held, that there was no adjudication that the minor was in the employ of the owner of the building, so as to prevent recovery over against the casualty company.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1263, 1265; Dec. Dig. ☞735.]

Appeal from Trial Term, Westchester County.

Action by the Yonkers Savings Bank against the Fidelity & Casualty Company of New York. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-TON, and MILLS, JJ.

Edward P. Mowton, of New York City, for appellant.
John F. Brennan, of Yonkers, for respondent.

STAPLETON, J. The defendant assured the plaintiff that it would indemnify it against loss from the actual payment in money of a final

judgment fixing a liability imposed by law upon the assured for damages on account of bodily injuries suffered within its building by a person while in or while alighting from its elevator car. Its policy was expressly subject to the following conditions:

"This policy does not cover loss from liability for, or any suit based on, injuries or death suffered or caused by—(1) any child employed by the assured contrary to law; (2) any child under 14 years of age employed by the assured, in any state in which there is no law restricting the age of employment in the assured's trade or business; (3) any elevator attendant under the age fixed by law for elevator attendants, or any person in or about any elevator while in charge of such an attendant; (4) any elevator attendant under 18 years of age employed by the assured in any state in which there is no law restricting the age of elevator attendants, or any person in or about any elevator while in charge of such an attendant."

A woman was injured while alighting from the elevator. She sued the plaintiff, and recovered judgment. Plaintiff paid the judgment, and sued the indemnitor for the amount paid. Both parties to this suit moved for a direction of a verdict. Plaintiff's motion was granted. The defendant excepted. Judgment was entered upon the directed verdict. From it this appeal is taken.

There is in the record evidence tending to prove: The plaintiff owns a four-story building. It occupies the ground floor, to which there is a separate entrance. It leases the other floors. There is another entrance, leading into a hall, from which a stairway and a passenger elevator give access to the upper floors. The lease of the plaintiff to its tenants did not provide for elevator service on Sundays or holidays. Saturday afternoon was the time of the casualty. The elevator attendant regularly employed was off duty after 1 o'clock. One of the tenants, Yonkers Security Company, who did business on Saturdays in the afternoon, procured and paid the plaintiff's assistant janitor, Kautter, a man of full age, to operate the elevator at those times. This arrangement was denied by the tenant, however.

On the afternoon of Saturday, June 17, 1911, Kautter, abandoning the elevator for his own purposes for a short time, left one Carter in the car to operate it. Carter was under 18 years of age. He had no relation with the plaintiff. He was otherwise employed. He was a friend of Kautter, who was teaching him to run the elevator. Kautter expected that Hill, the operator regularly employed, would soon leave, and he hoped to procure the job for Carter. While Carter was in the elevator, in the absence of Kautter, a Mrs. Sundberg came to do business with the Yonkers Security Company. She used the elevator. After completing her business, she was injured, through the carelessness of Carter, while alighting from the elevator at the ground floor. The testimony as to Carter's running the elevator at the time of the casualty came from plaintiff's janitor, Kautter, and from Carter himself, given on the trial of the tort action, and from Kautter on the trial of this action. The plaintiff's evidence in the tort action leaves it uncertain whether Kautter or Carter was the operator at the time of the casualty. The injured woman sued the owner and recovered. The defendant, pursuant to the terms of its contract with plaintiff, took complete charge of the original litigation. The judgment roll and

a full record of the trial of the tort action were received in evidence upon this trial.

Defendant would now absolve itself from liability under the fourth subdivision of paragraph B of the conditions to which its obligation to the plaintiff is subject, and which reads:

"This policy does not cover loss from liability for, or any suit based on, injuries or death, suffered or caused by * * * any elevator attendant under 18 years of age employed by the assured in any state in which there is no law restricting the age of elevator attendants, or any person in or about any elevator while in charge of such an attendant."

It contends that the verdict in the tort action conclusively imports that the negligence of Carter was the sole cause of the injury, that he was in plaintiff's employment at the time, that it was established by uncontradicted credible evidence on the trial of this action that Carter was then under 18 years of age, and that it is admitted there is no law in this state restricting the age of elevator attendants. It is settled law that the judgment recovered by Mrs. Sundberg is proof in this action that the plaintiff here was legally liable to her for damages in the amount assessed and upon the ground adjudicated in that action if a specific ground was adjudicated. O. S. N. Co. v. Co. T. E., 134 N. Y. 461, 469, 31 N. E. 987, 30 Am. St. Rep. 685; Fulton Co. G. & E. Co. v. Hudson Riv. T. Co., 200 N. Y. 287, 297, 93 N. E. 1052, 37 L. R. A. (N. S.) 307; Mason-Henry Press v. Ætna Life Insurance Co., 146 App. Div. 181, 130 N. Y. Supp. 961.

But, as we read the pleading, evidence, and charge of the court, we cannot agree that it was adjudicated in that action that the defendant employed Carter. The request to charge made in behalf of the defendant in that action, which, it is now asserted, presented the question of Carter's employment for decision, did not specifically mention Carter's name, and this was essential in view of the main charge. The case went to the jury upon the theory of Kautter's, not Carter's, negligence. Moreover, the request was formulated upon the unwarranted assumption that the testimony of witnesses, possibly biased, as to the identity of the operator of the elevator at the time of the casualty, constituted proof. The fact upon which the defendant here resists the plaintiff's claim for indemnity was not litigated there, but is litigated here. There is evidence in the record that Carter was not in plaintiff's employment at the time of the casualty.

The judgment and order should be affirmed, with costs. All concur.