### PEOPLE v. PULLMAN.

(Supreme Court, Appellate Division, Second Department. February 5, 1915.)

1. HEALTH (§ 41*)—FAILURE TO LIGHT FACTORY—LIABILITY OF AGENT.

In a prosecution for failing to light stairways, etc., in a building used as a factory, as required by Labor Law (Laws 1909, c. 36; Consol. Laws, c. 31) § 81, as amended by Laws 1913, c. 286, evidence *held* sufficient to show that defendant was agent in control, not renting agent of the property, and so amenable to prosecution under the act.

[Ed. Note.—For other cases, see Health, Cent. Dig. § 38; Dec. Dig. § 41.*]

2. HEALTH (§ 40*)—FAILURE TO LIGHT FACTORY—LIABILITY OF AGENT—INFORMATION.

In such a prosecution, the information is sufficient if it charges that the defendant, as agent, "did fail and neglect to properly and adequately light certain stairs leading to a workroom in the cellar."

[Ed. Note.—For other cases, see Health, Cent. Dig. § 38; Dec. Dig. § 40.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. HEALTH (§ 41*)—FAILURE TO LIGHT FACTORY—LIABILITY OF AGENT—EVI-
DENCE.

    In such a prosecution, evidence of a factory inspector that the stair-
way was not adequately lighted, being a mere conclusion, was insufficient
to sustain a conviction.

    [Ed. Note.—For other cases, see Health, Cent. Dig. § 38; Dec. Dig.
§ 41.*]

Appeal from Court of Special Sessions, Kings County.

John Pullman was convicted, under Penal Law, § 1275, of failing to
properly light the halls and stairways of a building used as a factory,
and he appeals. Reversed and remanded for new trial.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-
TON, and PUTNAM, JJ.

C. P. McLaughlin, of New York City, for appellant.

Harry G. Anderson, Asst. Dist. Atty., of Brooklyn (James C. Crop-
sey, Dist. Atty., of Brooklyn, on the brief), for the People.

STAPLETON, J. The judgment rendered in the Court of Special
Sessions convicts the defendant of a misdemeanor. The crime con-
sists of a noncompliance with a provision of the Labor Law, and is
defined in section 1275 of the Penal Law (Consol. Laws, c. 40). The
provision of the Labor Law with which it is alleged the defendant did
not comply is subdivision 3, section 81, chapter 36, of the Laws of 1909,
as amended by chapter 286 of the Laws of 1913 (constituting chapter
31 of the Consolidated Laws). The part of the statute that is pertinent
to this case reads:

"The halls and stairs [of a factory] leading to the workrooms shall be
properly and adequately lighted, and a proper and adequate light shall be
kept burning by the owner or lessee in the public hallways near the stairs,
upon the entrance floor and upon the other floors on every workday in the
year, from the time when the building is open for use in the morning until the
time it is closed in the evening, except at times when the influx of natural
light shall make artificial light unnecessary. Such lights shall be so ar-
ranged as to insure their reliable operation when through accident or other
cause the regular factory lighting is extinguished."

This provision is contained in article 6 of the Labor Law, which
relates to factories, and section 111 of the Labor Law (as amended
by chapter 463, Laws of 1913) reads in part:

"Bakeries are factories within the meaning of this chapter, and subject
to all the provisions of article six hereof."

By section 2 of the Labor Law, supra (as amended by chapter 529,
Laws of 1913), a factory is defined as follows:

"The term 'factory,' when used in this chapter, shall be construed to in-
clude any mill, workshop, or other manufacturing or business establishment
and all buildings, sheds, structures or other places used for or in connection
therewith, where one or more persons are employed at labor."

Section 94 of the Labor Law reads:

"Tenant-Factories.—A tenant-factory within the meaning of the term as
used in this chapter is a building, separate parts of which are occupied and
used by different persons, companies or corporations, and one or more of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which parts is so used as to constitute in law a factory. The owner, wheth-. er or not he is also one of the occupants, instead of the respective lessees or tenants, shall be responsible for the observance and punishable for the nonobservance of the following provisions of this article, anything in any lease to the contrary notwithstanding, namely, the provisions of sections seventy-nine, eighty, eighty-two, eighty-three, eighty-six, ninety and ninety-one, and the provisions of section eighty-one with respect to the lighting of halls and stairways; except that the lessees or tenants also shall be responsible for the observance and punishable for the nonobservance of the provisions of sections seventy-nine, eighty, eighty-six and ninety-one within their respective holdings. * * * The term 'owner' as used in this article shall be construed to mean the owner or owners of the freehold of the premises, or the lessee or joint lessees of the whole thereof, or his, her or their agent in charge of the property."

The record establishes the facts that a bakery was conducted in the cellar of a tenement house in the borough of Brooklyn, county of Kings, and that on the 9th day of March, 1914, it was visited by a factory inspector. Upon the trial, these questions were propounded to the inspector:

"Q. What condition did you find there? A. I found that the owner had failed to properly or adequately light the stairway leading to the bakeshop in the cellar. Q. You say 'adequately.' Was it lighted at all?"

This question was not answered, one of the trial justices having interposed another question. The inspector was also asked:

"Q. What was his [defendant's] connection with the building? Did you have a conversation with him regarding that? A. Yes, sir; he said he is the agent."

[1] On the defense, the defendant was asked, "Q. You are the agent of these premises No. 201 Fifth avenue?" He replied, "I am." The owner is a Mrs. Chesebrough, residing out of town. There was evidence that the agent performed acts of control over the property. We think the evidence was sufficient to show that the defendant was more than a mere renting agent, and that he was the agent in charge of the property. Such an agent is amenable to prosecution under the statute. People ex rel. Williams v. Eno, 134 App. Div. 527, 532, 119 N. Y. Supp. 600. The question of intent in the violation of the statute is immaterial. People v. Werner, 174 N. Y. 132, 66 N. E. 667.

[2] The statute, as we read it, provides, inter alia, for the performance of certain duties in connection with distinct parts of a factory building: (1) That halls and stairs leading to the workrooms shall be properly and adequately lighted; and (2) that a proper light shall be kept burning in the public hallways near the stairs upon the entrance floor and upon the other floors on every workday in the year, from the time when the building is opened for use in the morning until the time it is closed in the evening, except at times when the influx of natural light shall make artificial light unnecessary.

The information charges that the defendant, as agent, "did fail and neglect to properly and adequately light certain stairs leading to a workroom in the cellar." As to the provision relating to the stairs leading to the workroom, the pleading is therefore sufficient.

[3] But the evidence is insufficient. The testimony was merely a conclusion of a witness that the stairway was not properly or ade-

· quately lighted. The question whether it was properly or adequately lighted was for the determination of the court upon evidence of actual conditions, and cannot be left to the conclusion of a witness. There is no such evidence in this record.

Judgment of conviction of the Court of Special Sessions reversed, and new trial ordered. All concur.