Judgment reversed and new trial granted, costs to abide the final award of costs.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN PULLMAN, Appellant.

Second Department, February 5, 1915.

Crime — violation of Labor Law — inadequate lighting of stairway in factory — liability of agent of owner — pleading — information — evidence — conclusion of witness.

One who acts as renting agent for the owner of real estate and has control of the property may be convicted of a violation of section 1275 of the Penal Law, making it a misdemeanor to fail to comply with the provisions of the Labor Law, in that he did not light properly a stairway leading to a bake shop in the cellar of a tenement house.

In a criminal prosecution for a violation of the provisions of the Labor Law, the intent of the defendant is immaterial.

An information which charges that the defendant as agent failed and neglected to properly and adequately light certain stairs leading to a workroom in a cellar is sufficient in that respect.

But testimony by a witness who examined the premises that the defendant "had failed to properly and adequately light the stairway leading to the bakeshop in the cellar" is a mere conclusion as to the adequacy of the lighting and is insufficient to justify a conviction. The adequacy of the lighting should be determined upon evidence as to the actual conditions.

APPEAL by the defendant, John Pullman, from a judgment of the Court of Special Sessions, city of New York, borough of Brooklyn, rendered against him on the 1st day of July, 1914, convicting him of a violation of section 1275 of the Penal Law. (See Laws of 1913, chap. 349.)

*Cornelius P. McLaughlin,* for the appellant.

*Harry G. Anderson, Assistant District Attorney* [*James C. Cropsey, District Attorney,* with him on the brief], for the respondent.

STAPLETON, J.:

The judgment rendered in the Court of Special Sessions convicts the defendant of a misdemeanor. The crime consists of a non-compliance with a provision of the Labor Law, and is defined in section 1275 of the Penal Law (as amd. by Laws of 1913, chap. 349). The provision of the Labor Law with which it is alleged the defendant did not comply is subdivision 3 of section 81 of chapter 36 of the Laws of 1909, as amended by chapter 286 of the Laws of 1913 (constituting Consol. Laws, chap. 31). The part of the statute that is pertinent to this case reads: "The halls and stairs [of a factory] leading to the workrooms shall be properly and adequately lighted, and a proper and adequate light shall be kept burning by the owner or lessee in the public hallways near the stairs, upon the entrance floor and upon the other floors on every workday in the year, from the time when the building is open for use in the morning until the time it is closed in the evening, except at times when the influx of natural light shall make artificial light unnecessary. Such lights shall be so arranged as to insure their reliable operation when through accident or other cause the regular factory lighting is extinguished."

This provision is contained in article 6 of the Labor Law, which relates to factories, and section 111 of the Labor Law (as amd. by Laws of 1913, chap. 463) reads in part: "Bakeries are factories within the meaning of this chapter, and subject to all the provisions of article six hereof."

By section 2 of the Labor Law (*supra,* as amd. by Laws of 1913, chap. 529, and Laws of 1914, chap. 512) a factory is

defined as follows: " The term ' factory,' when used in this chapter, shall be construed to include any mill, workshop, or other manufacturing or business establishment and all buildings, sheds, structures or other places used for or in connection therewith, where one or more persons are employed at labor."

Section 94 of the Labor Law reads:

" Tenant-factories. A tenant-factory within the meaning of the term as used in this chapter is a building, separate parts of which are occupied and used by different persons, companies or corporations, and one or more of which parts is so used as to constitute in law a factory. The owner, whether or not he is also one of the occupants, instead of the respective lessees or tenants, shall be responsible for the observance and punishable for the nonobservance of the following provisions of this article, anything in any lease to the contrary notwithstanding,— namely, the provisions of sections seventy-nine, eighty, eighty-two, eighty-three, eighty-six, ninety and ninety-one, and the provisions of section eighty-one with respect to the lighting of halls and stairways; except that the lessees or tenants also shall be responsible for the observance and punishable for the non-observance of the provisions of sections seventy-nine, eighty, eighty-six and ninety-one within their respective holdings. * * * The term ' owner ' as used in this article shall be construed to mean the owner or owners of the freehold of the premises, or the lessee or joint lessees of the whole thereof, or his, her or their agent in charge of the property."

The record establishes the facts that a bakery was conducted in the cellar of a tenement house in the borough of Brooklyn, county of Kings, and that on the 9th day of May, 1914, it was visited by a factory inspector. Upon the trial these questions were propounded to the inspector: " Q. What condition did you find there ? A. I found that the owner had failed to properly or adequately light the stairway leading to the bake-shop in the cellar. Q. You say ' adequately ?' Was it lighted at all ? " This question was not answered, one of the trial justices having interposed another question. The inspector was also asked: " Q. What was his [defendant's] connection with the building ? Did you have a conversation with him regarding that ? A. Yes, sir; he said he is the agent."

On the defense the defendant was asked: "Q. You are the agent of these premises No. 201 Fifth Avenue?" He replied, "I am." The owner is a Mrs. Chesebrough, residing out of town. There was evidence that the agent performed acts of control over the property. We think the evidence was sufficient to show that the defendant was more than a mere renting agent, and that he was the agent in charge of the property. Such an agent is amenable to prosecution under the statute. (*People ex rel. Williams* v. *Eno*, 134 App. Div. 527, 532.) The question of intent in the violation of the statute is immaterial. (*People* v. *Werner*, 174 N. Y. 132.)

The statute, as we read it, provides, *inter alia*, for the performance of certain duties in connection with distinct parts of a factory building: (1) That halls and stairs leading to the workrooms shall be properly and adequately lighted, and (2) that a proper and adequate light shall be kept burning in the public hallways near the stairs upon the entrance floor and upon the other floors on every workday in the year, from the time when the building is opened for use in the morning until the time it is closed in the evening, except at times when the influx of natural light shall make artificial light unnecessary.

The information charges that the defendant, as agent, "did fail and neglect to properly and adequately light certain stairs leading to a workroom in the cellar." As to the provision relating to the stairs leading to the workroom, the pleading is, therefore, sufficient.

But the evidence is insufficient. The testimony was merely a conclusion of a witness that the stairway was not properly or adequately lighted. The question whether it was properly or adequately lighted was for the determination of the court upon evidence of actual conditions, and cannot be left to the conclusion of a witness. There is no such evidence in this record.

The judgment of conviction of the Court of Special Sessions should be reversed and a new trial ordered.

JENKS, P. J., THOMAS, CARR and PUTNAM, JJ., concurred.

Judgment of conviction of the Court of Special Sessions reversed and new trial ordered.